**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN DOE I, JOHN DOE II,**
**and JOHN DOE III**
        **Plaintiffs,**

v.                                                     Case No: 6:25-cv-219-GAP-DCI

**PARVIZ SABETI**
        **Defendant.**

**ORDER**

On February 14, 2025, the Court granted Plaintiff's motion for leave to proceed pseudonymously prior to Defendant having appeared in this case. Doc. 16 (the Order). In doing so, the Court stated that, "If Defendant objects to Plaintiffs' proceeding by pseudonym, he shall file a Motion for Reconsideration of this Order within thirty days of his first appearance." *Id.* at 9. The Court's direction could hardly have been clearer.

Despite that, on April 14, 2025, Defendant filed a document titled, "Response in Opposition to Proceed by Pseudonym and February 14, 2025 Order." Doc. 41 (the Response). In the Response, Defendant purported to object to Plaintiff's ability to proceed in this case pseudonymously. The Response is both improper and untimely.

It should go without saying, but the Court directed Defendant to file a "Motion for Reconsideration"—not a response—if Defendant objected to Plaintiff proceeding pseudonymously in this case. Thus, by filing a response, Defendant failed to comply with the Order. Lest there be any doubt about the nature of Defendant's filing, when Plaintiffs filed a notice of their intent to treat the Response as a motion and file a response, Defendant filed a motion to

strike that notice, doubling down on the propriety of Defendant's filing as a response, and apparently ignoring the directive in the Order. Doc. 43 (the Motion to Strike).

Further, the Response is untimely. The Court directed Defendant to file a Motion for Reconsideration within 30 days of Defendant's first appearance if Defendant objected to the Order. Defendant's first appearance in this case occurred on March 10, 2025, when Defendant filed both a motion for extension of time to respond to the Complaint and a Notice of Lead Counsel Designation. Docs. 27; 28. *See* Local Rule 2.02(a) ("The first paper filed on behalf of a party must designate only one "lead counsel". . .) and 2.02(b) ("A lawyer's pleading, motion, or other paper serves as that lawyer's appearance in an action."). Thus, even if the Court deemed the Response a motion for reconsideration—which it does not—that filing was untimely, as it was filed more than 30 days after Defendant's first appearance in this case.[1]

Accordingly, it is **ORDERED** that:

1. The Response (Doc. 41) is **STRICKEN** as violative of the Court's Order and as untimely filed;

2. The Motion to Strike (Doc. 43) is **DENIED**; and

3. Plaintiff's "Motion for Extension of Time to Respond to Defendant's Response in Opposition to Motion for Leave to Proceed by Pseudonym and February 14, 2025 Order" (Doc. 45) is **DENIED as moot** because the response is stricken.

Ordered on April 22, 2025 in Orlando, Florida.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Defendant first appeared in this case on March 10, 2025, and Defendant filed their Response on April 14, 2025. That is more than 30 days.

2