## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

_____

JOHN DOE I, JOHN DOE II, and )
JOHN DOE III, )
         )
               *Plaintiffs,* ) Case No. 6:25-cv-219-GAP-
         ) DCI
v. )
         )
PARVIZ SABETI, )
         )
              *Defendant.* )
_____

## <u>REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION</u>

Plaintiffs seek to shield their identities from the public, the Defendant, and Defendant's counsel, without pointing to a single authority where any court permitted such relief. Their reliance on social media posts made by what appears, based on counsel's review, to be anonymous and unverifiable users, hyper-partisan activists and political operatives in the Iranian diaspora, or bots shows that Plaintiffs' lawsuit—and not Defendant's conduct—resulted in these posts. Plaintiffs also ask the Court for leave to take all of their discovery on Defendant first, without Defendant being permitted to take *any* discovery. Neither of these positions, which would violate Mr. Sabeti's constitutional right to a proper defense, is meritorious. The Court should thus grant the Motion.

I.   **Plaintiffs' Opposition Misrepresents Case Law and Fails to Identify _Any_ Case Supporting Total Anonymity.**

Plaintiffs have offered no legal support for the extraordinary request they make of this Court—that they be permitted to withhold their identities even from Defendant and his counsel.

Plaintiffs mislead the Court with their citation of the confidentiality order in _Doe I v. Islamic Salvation Front_, Case No. 96-02792 (D.D.C.) ("_ISF_"), by inaccurately indicating that the case supports anonymity as between the parties. Not so. In that case, the court "amend[ed] the confidentiality order to require plaintiffs to reveal their identities [to the defendant] and to provide specific information about the alleged incidents [in the complaint]." _ISF_, 257 F. Supp. 2d 115, 118 (D.D.C. 2003). They also fail to mention that the initial confidentiality order in that case (which granted anonymity to the plaintiffs) resulted in "[s]everal years of litigation . . . consumed by discovery disputes related to confidentiality issues," including the plaintiffs' identities. _Id._

_ISF_ involved a defendant organization actively harming plaintiffs or their families in Algeria. _ISF_, 993 F. Supp. 3, 5–6 (D.D.C. Feb. 3, 1998). Algerian women filed suit under the Alien Tort Claims Act against an _active_ Algerian political organization and that organization's alleged _active_ spokesperson. _Id._ Even with these facts in mind, the court ruled that, although it was "sensitive to the safety concerns of plaintiffs, . . . a lawsuit cannot be

2

permitted to go forward if the defendant is denied information crucial to his defense," and thus the defendant must be allowed "access to plaintiffs' identities subject to protective order." *ISF*, D.E. 101 (D.D.C. Sept. 29, 2000).

The *ISF* plaintiffs were forced to disclose their identities to the defendant. 993 F. Supp. at 5–6. That is the exact opposite of Plaintiffs' representation of the case. Moreover, the Court's Pseudonym Order explicitly contemplates that minimum due process will require the entry of a confidentiality order that would require the revelation of their identities. *See* D.E. 16 at 9. The Plaintiffs ignore this portion of the Order altogether and attempt to retreat from their previous representations to this Court, in which they indicated courts grant anonymity when the plaintiff's identity is revealed to the defendant per a confidentiality order. D.E. 4 at 21–23.

II. **Plaintiffs' Opposition Improperly Claims That Mr. Sabeti Has the Burden to Show a Need for the Plaintiffs' Identities.**

The "constitutionally-embedded presumption of openness in judicial proceedings" governs here, *see Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001), as does Rule 10(a) of the Federal Rules of Civil Procedure, which requires that a complaint "name all the parties." Plaintiffs completely disregard this **presumption** of openness and Rule 10(a) in claiming that they are entitled to anonymity unless and until the Defendant "makes a showing" that Plaintiffs' "identities are required for discovery

3

purposes." Plaintiffs' Opposition to Defendant's Motion for Reconsideration (D.E. 60) ("Opp'n") at 10. This request has no merit, and none of the cases Plaintiffs cite supports this request to presumptively shield their identities.

Indeed, not one of the three cases Plaintiffs cite even addresses the propriety of withholding identities from the defendant or their counsel because in all three cases, either the plaintiffs had already agreed to disclose their identities to the defense or the defendant already knew their identities.[1] Nor could Plaintiffs' citations be accurate because, as shown in the Motion, it is the **_Plaintiffs'_** burden to overcome the presumption of openness. Mot. for Reconsideration at 11–12 ("Mot").

### III.   Plaintiffs' Declarations and Exhibits Are Not Sufficient to Meet Their Burden to Show that Anonymity Is Justified

In support of their Opposition, Plaintiffs do not offer their own sworn declarations about threats made on them or fear for their safety following the filing of this lawsuit. Instead, Plaintiffs rely on second-hand declarations from their attorney, which is not sufficient to justify the extraordinary relief Plaintiffs seek. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 11 (D.D.C. 2005) (denying pseudonymous treatment where an attorney's declaration relaying "'discussions amongst plaintiffs and their attorneys about unsubstantiated and

---

[1] *Plaintiff B v. Francis*, 631 F.3d 1310, 1318–19 (11th Cir. 2011); *Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 617CV218ORL28TBS, 2018 WL 2017535, at \*2 (M.D. Fla. May 1, 2018); *C.S. v. Choice Hotels Int'l, Inc.*, No. 2:20-CV-635-JES-MRM, 2021 WL 2792166, at \*2 (M.D. Fla. June 11, 2021).

vague concerns about filing the present lawsuit' do not show a likelihood of retaliation"). That declaration merely refers to exhibits displaying social media comments from anonymous users, individuals who Defendant does not even know, or individuals Defendant has no control over. Opp'n at 3–9; D.E. 61-1 to 61-11; Declaration of Parviz Sabeti (June 16, 2025) ("Sabeti Decl."). There are many issues with this declaration.

Counsel's declaration relies on social media posts not caused by Mr. Sabeti. The declaration shows that Plaintiffs' decision to file this lawsuit—not anything Defendant did—resulted in the communications and commentary about Plaintiffs' counsel. Plaintiffs *knowingly* filed suit within the context of pre-existing political strife amongst the Iranian diaspora. Their complaint has added to the bitter, partisan discourse online due to no fault of Defendant, who is not even on social media. Saebti Decl. ¶ 2. Mr. Sabeti's ability to bring a fulsome defense to the false allegations in this lawsuit should not be prejudiced because bots or individuals who appear to be hyper-partisan political activists or operatives spread these sorts of messages online *on their own*, without any direction or communication from Mr. Sabeti.[2]

---

[2] Incredibly, Plaintiffs claim it "is simply unbelievable" that Defendant has no "connection" with social media users praising Mr. Sabeti because "their public support is so pervasive." Opp'n at 14. By Plaintiffs' absurd logic, any public figure would be responsible for the speech of all the people who vocally support that person.

Plaintiffs' claim that "at best" Defendant is connected with a movement because some people support him on the Internet is nonsensical. Opp'n at 5. Their claim that "[a]t worst" Defendant has influenced Monarchists who have threatened Plaintiffs and their counsel is entirely based on posts from an individual named Dr. Makoui who has obviously *not* been influenced by Defendant. *Id.* In his sworn declaration, Mr. Sabeti described his contact with Makoui and requested that Makoui stop harassing Plaintiffs, Decl. of P. Sabeti at ¶ 33 (D.E. 55-1). Per Plaintiffs' own brief, Mr. Sabeti obviously had *no influence* on this man, as he has apparently continued to disparage Plaintiffs online. Opp'n at 6–7. Likewise, Mr. Sabeti has declared that he is not involved in the Monarchist movement; has declared that he is not connected to the current Iranian regime; and has unambiguously disavowed all calls for violence. *See, e.g.*, D.E. 55-1 at ¶¶ 11, 32, 33. As shown in the Motion, the Plaintiffs' vague, generalized (and, indeed, conflicting) allegations of harm are insufficient to overcome the presumption of openness. Mot. at 12–18.[3]

---

[3] Even if the social media posts could be attributed to Mr. Sabeti, which they cannot, "a court may disregard a comment, which is a threat on its face, because the context demonstrates frustration, a joke, or political commentary instead of a true intent to harm." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1044 (9th Cir. 2010). In *Kamehameha*, the Ninth Circuit found no abuse of discretion where the district court concluded plaintiffs' fears from online threats were unreasonable because "many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out." *Id.* at 1045. Indeed, the social media identified by Plaintiffs' counsel is the exact kind of frustrated, political vitriol that the Court should disregard. *See id.* at 1044.

## IV.    Bifurcated Discovery Would Prejudice Defendant

Plaintiffs embed a motion for bifurcated discovery in their Opposition brief. They ask for a "consecutively bifurcated discovery schedule which would first address Defendant's role in ordering torture before addressing the specific abuses [allegedly] suffered by Plaintiffs' and Defendants' [alleged] involvement therein." Opp'n at 19. The request should be denied. In addition to being procedurally improper because the Opposition is not a motion, the request asks for Plaintiffs to be permitted to take all of their discovery first, while Defendant must wait to take discovery on potentially case-dispositive issues.[4] This would severely prejudice Defendant and would not be in the interests of judicial economy; thus, bifurcation would be improper. *See Allen v. Jacksonville Univ.*, No. 3:21-CV-178-MMH-LLL, 2023 WL 3751979, at *4 (M.D. Fla. May 5, 2023) (denying motion for bifurcation because, *inter alia*, one party would "likely suffer prejudice in the event of bifurcation" and "the interests of judicial economy favor moving discovery forward in a fulsome manner"); *see also United States v. Boeing Co.*, No. C22-0485JLR, 2023 WL 6609359, at *2 (W.D. Wash. Sept. 14, 2023) (scheduling discovery phases to *prevent* "one-sided" discovery).

---

[4] Although the Court can dismiss this suit for Plaintiffs' failure to allege due diligence in their Complaint, as argued in Defendant's Motion to Dismiss the First Amended Complaint, discovery on Plaintiffs' due diligence would also likely prove case dispositive.

Dated: June 16, 2025                           Respectfully submitted,

                                               **MARCUS NEIMAN**
                                               **RASHBAUM & PINEIRO LLP**

                                               ***/s/ Jeffrey E. Marcus***
                                               Jeffrey E. Marcus, Esq.
                                               Florida Bar No. 310890
                                               jmarcus@mnrlawfirm.com
                                               Bryan A. Almeida, Esq.
                                               Florida Bar No. 1005558
                                               balmeida@mnrlawfirm.com

                                               One Biscayne Tower
                                               2 South Biscayne Blvd., Suite 2530
                                               Miami, Florida 33131
                                               (305) 400-4260

                                               **LEVY FIRESTONE MUSE LLP**

                                               Joshua A. Levy, Esq.
                                               jal@levyfirestone.com
                                               DC Bar No. 475108
                                               Justin A. DiCharia, Esq.
                                               jdicharia@levyfirestone.com
                                               DC Bar No. 1671109

                                               900 17th Street N.W., Suite 605
                                               Washington, D.C. 20006
                                               (202) 845-3215

                                               *Attorneys for the Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2025; the foregoing was served on all counsel of record via CM/ECF.

*/s/ Jeffrey E. Marcus*
Jeffrey E. Marcus