UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE I, JOHN DOE II, and
JOHN DOE III,

v.                                                        Case No: 6:25-cv-219-GAP-DCI

PARVIZ SABETI,

        Defendants.

## PROTECTIVE ORDER

1.  Plaintiffs herein shall be allowed to proceed in this cause with the use of the pseudonyms John Doe I, John Doe II, and John Doe III in place of their true identities. The parties shall use the pseudonyms for Plaintiffs in **ALL** pleadings, papers, hearings, and in open court, and other statements and documents that are matters of public record.

2.  Plaintiffs' counsel shall disclose Plaintiffs' identities and addresses to Defendants' attorneys, but Plaintiffs and their counsel shall not be required to disclose Plaintiffs' identities to any other person.

3.  Defendants' attorneys are permitted to disclose Plaintiffs' identities, addresses, or other information from which their identities can be discerned to other counsel in their firms who have a need to know, provided those attorneys are advised of, and agree to, the terms of this Protective Order. Defendants' attorneys may share this sensitive information with their respective paralegals, legal assistants, and other support staff who have a need to know, provided they are advised of, and agree to, the terms of this Protective Order. **Defendants' counsel are otherwise forbidden from taking any action that discloses or leads to the disclosure to any person—including Defendant—Plaintiffs' identities, addresses, or other**

**information from which their identities can be discerned.**

4.  All Court personnel (including court reporters and their staff or agents) who learn Plaintiffs' identities, addresses, or other information from which their identities can be discerned are hereby prohibited from taking any action that discloses or would reasonably lead to the disclosure to any person Plaintiffs' identities, addresses, or other information from which their identities can be discerned.

5.  If Plaintiffs' identities, addresses, or other information from which Plaintiffs' identities can be discerned are disclosed in any depositions transcripts, responses to interrogatories, or other discovery documents, the party providing such information must identify it as confidential by labeling any pages containing Plaintiffs' identities, addresses, or other information from which Plaintiffs' identities can be discerned with the word "CONFIDENTIAL" and binding those pages in a separate document labeled "CONFIDENTIAL."

6.  The filer of any pleadings or documents is responsible for redacting and shall redact all information that would otherwise disclose Plaintiffs' identities, addresses, or other information from which Plaintiffs' identities can be discerned.

7.  It is the intent of this order to preserve the anonymity of the individual Plaintiffs to the greatest extent possible while affording defense counsel adequate information to effectively address the issues in this matter. **Failure by any person to comply with the terms of this Order may subject the violator to a finding of contempt of court.**

8.  Upon motion of the Defendant, this Court will reconsider the propriety of this Protective Order following the completion of the initial statute of limitations phase of this litigation.

**DONE** and **ORDERED** in chambers in Orlando, Florida on August 12, 2025.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties