UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

JOHN DOE I, JOHN DOE II, and )
JOHN DOE III, )
)
        *Plaintiffs*, )  Case No. 6:25-cv-219-GAP-
)  DCI
v. )
)
PARVIZ SABETI, )
)
        *Defendant.* )
_____

## **DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY**

Pursuant to Local Rule 3.01, Defendant, Parviz Sabeti ("Defendant" or "Mr. Sabeti"), respectfully requests this Court grant him leave to file a brief reply in further support of his Motion to Modify Protective Order, and states as follows:

1. On September 5, 2025, Defendant filed a Motion to Modify Protective Order or, in the Alternative, Certify for Interlocutory Review ("Defendant's Motion"). ECF No. 94. Plaintiffs filed an Opposition to Defendant's Motion to Modify Protective Order ("Opposition") on September 18, 2025. ECF No. 103.

2. In this District, "no party may reply without leave," *see* L.R. 3.01(d), and "[a] party moving for a reply brief must show good cause." *Robinson v. National Credit Systems, Inc.*, 2018 WL 11252314, at *1 (M.D. Fla.

1

Oct. 10, 2018). Similarly, courts in this District "will not grant leave to file a reply brief unless the reply will benefit [their] resolution of the pending motion." *Id.*

3. Defendant has good cause because Plaintiffs make new legal arguments in the Opposition. Plaintiffs mistakenly argue that the Court should use the motion for reconsideration standard. However, prior to Defendant's Motion, there had not been any briefing on the current Protective Order (ECF No. 82-1). Previous briefing addressed the issue of pseudonymity in the case writ large (e.g., ECF No. 55), but not the specific Protective Order or its prohibition on disclosing Plaintiffs' identities to Defendant during the initial equitable-tolling phase. Plaintiffs also cite case law in support of the Protective Order's attorneys-eyes-only prohibition that is easily distinguishable. For example, Plaintiffs cite *Freedom from Religion Found., Inc. v. Emanuel Cty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1361 (S.D. Ga. 2015),[1] but fail to mention that one of the defendants in that case *already knew* the identities of the Doe plaintiffs, and that the court was led to believe that the other defendants *also already knew* the identities of the Doe plaintiffs.

4. Defendant should also be permitted to respond to Plaintiffs'

---

[1] The Court will be unable to locate this case using Plaintiffs' citation—*Freedom from Religion Found., Inc. v. Emanuel Cty. Sch. Sys.*, No. CV615-013, 2015 WL 13398940 (S.D. Ga. June 18, 2015)—as it does not appear the Westlaw citation used by Plaintiffs has existed for many years.

argument that Defendant does not need Plaintiffs' identities to help counsel with discovery because Defendant retained Mr. Aramesh.[2] Mr. Aramesh might have knowledge of national security and political matters, but that knowledge is incomparable to Defendant's knowledge of Iran, Iranian politics, the Iranian diaspora, and his own knowledge about his own interactions and conduct. Only Defendant knows, for example, if he spoke with any of the Plaintiffs (or anyone tied to Plaintiffs) during the time he purportedly concealed his identity—a question *none* of his attorneys can ask him. Indeed, Plaintiffs ignored this— one of Defendant's primary arguments—that if Defendant knows and has previously had interactions with Plaintiffs, Plaintiffs' claims of equitable tolling almost certainly fail.

5. Because of Plaintiffs' new arguments and their failure to address one of Defendant's primary arguments, Defendant has adequately demonstrated good cause to file a reply brief. A reply would help the Court efficiently and expeditiously resolve his motion to amend the protective order. Accordingly, the Court should grant Defendant's request for leave to file a reply brief. If leave is granted, Mr. Sabeti respectfully requests a 7-page limit and 7 days to draft and file the reply.

---

[2] Plaintiffs' Opposition improperly injects extensive and irrelevant information about defense counsel into the record, counsel's ethnicity, professional background, and public commentary.

DATED: September 22, 2025

Respectfully submitted,

**MARCUS RASHBAUM PINEIRO & MEYERS LLP**

*/s/ Jeffrey E. Marcus*
Jeffrey E. Marcus, Esq.
jmarcus@mrpfirm.com
Florida Bar No. 310890
Kathryn Meyers, Esq.
kmeyers@mrpfirm.com
Florida Bar No. 0711152
One Biscayne Tower
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
(305) 400-4260

**LEVY FIRESTONE MUSE LLP**
Joshua A. Levy, Esq.
jal@levyfirestone.com
DC Bar No. 475108
Justin A. DiCharia, Esq.
jdicharia@levyfirestone.com
DC Bar No. 1671109
900 17th Street N.W., Suite 605
Washington, D.C. 20006
(202) 845-3215

**WHITCOMB, SELINSKY, P.C.**
Arash Aramesh
Ari@whitcomblawpc.com
California Bar No: 354651
DC Bar Number: 90023647
Texas Bar No: 24107061
10940 Wilshire Boulevard, Suite 600
Los Angeles, CA 90024
Tel: (303) 534-1958
*Attorneys for the Defendant*

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that movant conferred with Plaintiffs on September 22, 2025, via electronic message, and Plaintiffs opposed this motion.

                                            */s/ Jeffrey E. Marcus*
                                               Jeffrey E. Marcus

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September 2025, the foregoing was served on all counsel of record via CM/ECF.

                                            */s/ Jeffrey E. Marcus*
                                             Jeffrey E. Marcus