UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE I, JOHN DOE II, and
JOHN DOE III,

    *Plaintiffs*,

v.

PARVIZ SABETI,

    *Defendant*.

Case No. 6:25-cv-219-GAP-DCI

**OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY AND AMEND PROTECTIVE ORDER**

In his Request for Judicial Notice in Support of Defendant's Motion to Clarify and Amend Protective Order [Dkt. No. 108] ("Request"), Defendant Parviz Sabeti presents to the Court a September 11, 2025 article from *The Guardian* summarizing publicly filed information regarding this action. Ex. A to Dkt. No. 108 ("Article"). The Defendant then asks the Court to "take judicial notice of the fact, shown by the article, that Plaintiffs seek out media attention when it suits them." Dkt. No. 108 at 1. Defendant's Request is an inappropriate subject for judicial notice and its premise is unsupported by the article he points to. The Request should be denied.

A fact is appropriate for judicial notice if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As the Defendant concedes, the Court has already stated that judicial notice of materials like the Article may be appropriate solely as to the fact of their existence. Dkt. No. 82 at 6-7. Yet here, Defendant instead asks the Court to take judicial notice of a self-serving inference he draws with no basis in the document itself. The Article is substantially based on this action's public filings, supplemented by public information obtained from third parties and a single two-sentence quotation from one of Plaintiffs' attorneys. Far from being a "generally known" or readily determinable proposition, there is no support for Defendant's assertion that Plaintiffs are "seek[ing] out media attention."

Moreover, judicial notice of the Article's existence would serve no purpose in this litigation. The mere existence of an article reporting publicly accessible facts about this case and containing no statement from Plaintiffs themselves demonstrates nothing about Plaintiffs' individual fears of reprisal should Defendant's attorneys be permitted to share Plaintiffs' identities with others. The Article's existence is therefore entirely irrelevant to resolution of the Motion to Clarify and Amend Protective Order [Dkt. No. 84] ("Motion to Clarify and

Amend")[1] and judicial notice of it is unwarranted. *See, e.g.*, *NAFL Invs., LTD. v. Van Ness Feldman LLP*, 2018 U.S. Dist. LEXIS 94783, at *9 (M.D. Fla. June 6, 2018) (declining judicial notice of information "immaterial to the court's determination of" the motion at issue).

Defendant's Request is only the latest chapter in the saga of his attempts to chip away at the pseudonymity protections that this Court has already reconsidered once, upon Defendant's motion, and preserved. *See* Dkt. No. 82 at 18-19. Following reconsideration, Defendant has filed both the currently pending Motion to Clarify and Amend and the Motion to Modify Protective Order or, in the Alternative, Certify for Interlocutory Review [Dkt. No. 94] to further argue the issue. The Request now seeks to bolster Defendant's second of three bites at the pseudonymity apple—which has already been fully briefed and subject to a hearing—with immaterial information and unfounded inference presented as fact. Defendant should not be rewarded for wasting judicial resources on repetitious, unproductive litigation. The Request should be denied.

---

[1] Defendant suggests that the Article evidences a need to share Plaintiffs' identities with outside investigators to determine whether "Plaintiffs have used the media in the past . . . ." Dkt. No. 108 at 2. However, that Defendant promptly found the Article without disclosing Plaintiffs' identities to such investigators demonstrates the commonsense fact that Defendant's attorneys need not share Plaintiffs' identities with third parties to find public media.

| | |
|---|---|
| Dated: October 31, 2025 | Respectfully submitted,<br><br>**FOLEY HOAG LLP**<br><br>/s/      Aaron J. Loving<br>Andrew B. Loewenstein (admitted *pro hac vice*)<br>Christopher E. Hart (admitted *pro hac vice*)<br>Aaron J. Loving (admitted *pro hac vice*)<br>Foley Hoag LLP<br>155 Seaport Boulevard, Suite 16000<br>Boston, MA 02210-2600<br>(617) 832-1000<br>aloewens@foleyhoag.com<br>CHart@foleyhoag.com<br>aloving@foleyhoag.com<br>Christina G. Hioureas (admitted *pro hac vice*)<br>Foley Hoag LLP<br>1301 Avenue of the Americas, 25th Floor<br>New York, NY 10019<br>(212) 812-0400<br>chioureas@foleyhoag.com<br><br>**BROWN NERI SMITH & KHAN, LLP**<br><br>Sara C. Colón (admitted *pro hac vice*)<br>Thomasin Bernhardt (admitted *pro hac vice*)<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025<br>(310) 593-9890<br>sara@bnsklaw.com<br>thomasin@bnsklaw.com |

**CORRELL LAW P.A.**

Michelle J. Correll (Fla. Bar No. 1029106)
150 East Palmetto Park Road, Suite 800
Boca Raton, FL 33432
(310) 425-3866
Michelle@Correll-LawFirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on October 31, 2025, I caused a copy of the foregoing document to be electronically filed via the CM/ECF system, which will cause a copy of the document to be served by email to all parties and counsel of record.

                                      */s/    Aaron J. Loving*
                                      Aaron J. Loving