UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN DOE I et al.,**
        **Plaintiffs,**

v.                                                      **Case No: 6:25-cv-219-GAP-DCI**

**PARVIZ SABETI,**
        **Defendant.**
_____/

## ORDER

This cause comes before the Court for consideration with oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion to Clarify and Amend Protective Order (Doc. 84)** |
| **DATE:** | **August 22, 2025** |
| **MOTION:** | **Defendant's Motion to Compel Production of Unredacted Filings to Defendant's Counsel (Doc. 93)** |
| **FILED:** | **September 5, 2025** |
| **MOTION:** | **Defendant's Request for Judicial Notice in Support of Defendant's Motion to Clarify and Amend Protective Order (Doc. 108)** |
| **FILED:** | **October 17, 2025** |
| **MOTION:** | **Joint Motion for Extension of Time to Complete Discovery and Filing Deadlines Regarding Equitable Tolling Issue (Doc. 109)** |
| **FILED:** | **October 21, 2025** |

**THEREON** it is **ORDERED** that Defendant's Motion to Amend (Doc. 84) is **GRANTED in part**; Defendant's Motion to Compel (Doc. 93) is **GRANTED**;

> Defendant's Request for Judicial Notice (Doc. 108) is **GRANTED in part**; and the Joint Motion (Doc. 109) is **GRANTED in part**.[1]

### I.    Background and Procedural History

Plaintiffs, proceeding under the pseudonyms Doe I, Doe II, and Doe III, initiated this case against Defendant who is allegedly a "top official with Sāzmān-e Ettelāʹāt va Amniyat-e Keshvar (SAVAK), an intelligence organization and the secret police of the government of Mohammad Reza Pahlavi, the former Shah of Iran (the 'Shah')[.]"  Doc. 1 at 1.  Plaintiffs seek redress for Defendant's alleged "role in Plaintiffs' torture" under the Alien Tort Statute, the Torture Victims Protection Act (TVPA), and Florida common law.  *Id*.

By Order dated February 14, 2025, the Court granted Plaintiffs' Motion for Leave to Proceed by Pseudonym.  Doc. 16.  Plaintiffs claimed that if their identities were revealed then they would suffer "real threats to [their] safety posed by potential retaliation from the Iranian government and from violent supporters of the former monarchy."  Doc. 4 at 2.  The Court found that considering the totality of the circumstances at the outset of the case, and subject to reconsideration upon Defendant's motion, the "'threats of violence generated by this case. . . tip the balance against the customary practice of judicial openness.'"  Doc. 16 at 9.  The Court added that if Defendant objects to Plaintiffs proceeding by pseudonym, Defendant shall file a Motion for Reconsideration within 30 days of his first appearance.  *Id*.

Defendant appeared and filed a Motion for Reconsideration of the February 14, 2025 Order and a Motion to Dismiss the Amended Complaint for failure to state a claim.  Docs. 55, 59.[2]  The Court granted Defendant's request to dismiss the state claims, but upheld Plaintiffs' TVPA claim

---

[1] The Court also strikes Plaintiffs' Notice.  Doc. 104.

[2] The Court denied Defendant's first motion to dismiss as moot when Plaintiff filed an Amended Complaint.  Doc. 49.

and bifurcated the proceedings to first determine whether Plaintiffs' claim is barred by the statute of limitations. Doc. 81 at 16. The Court set a schedule for discovery and summary judgment on the equitable tolling issue. *Id*.

As to Defendant's Motion for Reconsideration of the February 14, 2025 Order (Doc. 55), the Court granted Defendant's request, but only in part. Doc. 82. Specifically, the Court found that Defendant "has not altered the Court's conclusion that the 'balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings' favors anonymity." *Id*. at 17. The Court noted that Plaintiffs were willing to disclose their identities to the defense for the purpose of limited discovery, and Plaintiffs are agreeable to a protective order to do so. *Id*.

As such, the Court granted Defendant's Motion for Reconsideration in part subject to the Court's protective order. *Id*. The Court ordered that "Plaintiffs must share their identities with Defendant's **counsel** for the purpose of statute of limitations discovery." *Id*. at 17 to 18 (emphasis in original). The Court directed the parties to abide by the protective order attached to the Order. Docs. 82 at 18; 82-1 (the Protective Order). The Court specified that upon request, the Court would revisit the issue of Plaintiff's pseudonymous status after the first phase of discovery closes. *Id*. at 19.

Pending before the undersigned is Defendant's Motion to Clarify and Amend the Protective Order to allow disclosure of Plaintiffs' identities and identifying information to Defendant's expert consultants, testifying experts, translators, discovery vendors, and investigators. Doc. 84 (the Motion to Amend). The parties subsequently filed a joint notice regarding their conferral. Doc. 95. The parties represented that they exchanged draft protective orders but were unable to reach an agreement on the terms. *Id*. Plaintiffs then filed their Response in Opposition to the Motion to

Amend. Docs. 96, 98. On September 10, 2025, the undersigned conducted a hearing on the request, found that Defendant was entitled to some relief, and directed counsel to confer further and file another notice that included a proposed protective order. Doc. 99. The parties filed a Joint Notice and a "[Proposed] Stipulated Protective Order." Docs. 102; 102-1 (the Proposed Order). The parties state that they "agree to most of the proposed protective order's material terms," but several issues remain as reflected in the attached exhibit. Docs. 102 at 2.

In a related filing, the parties have jointly moved to extend discovery and filing deadlines. Doc. 109. (the Motion for Extension). The parties request modification to the Court's schedule pending rulings on Defendant's Motion to Amend and Motion to Modify.[3] *Id*.

Defendant has also filed a Motion to Compel Production of Unredacted Filings to Defendant's Counsel (Doc. 93, the Motion to Compel), and a Request for Judicial Notice in Support of Defendant's Motion to Amend. Doc. 108 (the Motion for Judicial Notice). Plaintiffs have not filed a response to the Motion to Compel, but oppose the Motion for Judicial Notice. Doc. 118.

The Court has referred the Motion to Amend, the Motion to Compel, the Motion for Judicial Notice, and the Motion for Extension to the undersigned. The undersigned will address each of the requests in turn.

**II.    Discussion**

**A.  Motion to Amend**

The Court included the following language in the Protective Order:

---

[3] Defendant has also filed a Motion to Modify the Protective Order to allow defense counsel's disclosure of Plaintiffs' identities to Defendant. Doc. 94. That motion is not the subject of this Order as the undersigned will issue a separate recommendation to the Court related to that relief.

    2.        Plaintiffs' counsel shall disclose Plaintiffs' identities and addresses to Defendants' attorneys, but Plaintiffs and their counsel shall not be required to disclose Plaintiffs' identities to any other person.

    3.        Defendants' attorneys are permitted to disclose Plaintiffs' identities, addresses, or other information from which their identities can be discerned to other counsel in their firms who have a need to know, provided those attorneys are advised of, and agree to, the terms of this Protective Order. Defendants' attorneys may share this sensitive information with their respective paralegals, legal assistants, and other support staff who have a need to know, provided they are advised of, and agree to, the terms of this Protective Order. **Defendants' counsel are otherwise forbidden from taking any action that discloses or leads to the disclosure to any person—including Defendant—Plaintiffs' identities, addresses, or other information from which their identities can be discerned.**

Doc. 82-1 at 1 to 2 (emphasis in original).

Defendant requests that the Court "clarify and amend the scope of the Protective Order to provide that: (1) the phrase 'support staff who have a need to know' includes expert consultants, translators, discovery vendors, and investigators, retained by Defendants' attorneys for purposes of conducting the initial phase of statute of limitations discovery and preparing the motion for summary judgment on the issue of equitable tolling, 'provided they are advised of, and agree to, the terms of th[e] Protective Order' D.E. 82-1 at ¶ 3; and (2) Defendant's counsel are permitted to disclose Plaintiffs' identifying information to testifying experts retained by counsel for the motion for summary judgment on the issue of equitable tolling, provided they agree to the terms of the Protective Order, *id*." Doc. 84 at 1. Defendant argues that it will be barred from conducting a "full range of discovery in building a defense" if it is not permitted to disclose Plaintiffs' identify to those listed. *Id*. at 3.

The Court finds that Defendant is entitled to partial relief. As an initial matter, Defendant does not cite to any rule of procedure or otherwise set forth the appropriate standard for review of the request to amend the Court's Order. *See* Doc. 84. Even so, the Court construes the Motion to Amend as a request for reconsideration of the Court's August 12, 2025 Order and Protective Order

- 5 -

(Docs. 82, 82-1), and finds that amendment to the Protective Order is appropriate to prevent a manifest injustice.[4] Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). And here, the Court finds that amendment to the Protective Order in limited degree is necessary to allow the parties to fully engage in the current stage of discovery.[5]

So, some relief is warranted, but the Court must still decide the appropriate scope of the amendment to the Protective Order. As discussed *supra*, the Court conducted a hearing, and directed the parties to confer again and to file their proposed language. The parties have since filed the Proposed Order, but disagreement on some of the provisions remains. Doc. 102-1. In

---

[4] Plaintiffs argue in their Response to the Motion to Amend that Defendant essentially seeks reconsideration of the Protective Order. Docs. 96, 98. The Court agrees. As Defendant cited no other sufficient basis for relief to support amendment to the Protective Order, the Court has analyzed the motion as a request for reconsideration of the Court's rulings.

[5] At the hearing, the undersigned questioned whether fear of reprisal is at issue during the current phase of discovery (i.e., discovery on the statute of limitations/equitable tolling) given the Court's previous statement regarding the scope of Plaintiffs' tolling argument. *See* Doc. 81 at 15 n. 9 ("Here, Plaintiffs plausibly allege that their claims were tolled by two impediments which were 'beyond [their] control and unavoidable even with diligence[:]' the lack of an available remedy in the Islamic Republic of Iran (which remains ongoing) and the unknown whereabouts of Defendant until 2023."). Both parties confirmed at the hearing that fear of appraisal is at issue, and will be the subject of the current discovery phase.

the Joint Notice, the parties represent that Sections 2.10, 7.1, 7.3, 7.5(a)(C)(3)(e), and Exhibit C of the Proposed Order are still in dispute. Plaintiffs' proposed revisions are before the Court.

Upon due consideration of the Motion to Amend, Plaintiffs' Response, the parties' Proposed Order, and the parties' arguments presented in the Joint Notice, the Court will enter a protective order which will adopt the majority of the parties' stipulated language and reflect the Court's decision on the disputed provisions.[6] Doc. 119-1 (the Amended Protective Order).

Namely, with respect to Section 2.10 of the Proposed Order, the Court has adopted in part Plaintiffs' proposed language, but has revised the definition. Plaintiffs' current definition of "Monarchist Movement" is too broad, vague, and goes beyond what the Court believes is appropriate and enforceable. The Court finds that its final revision is more appropriate. *Compare* Doc. 119-1 at 4, with *Kurd, et. al. v. The Republic of Turkey, et. al.*, Case No. 1:18-1117-CKK at Doc. 196 (D.D.C. Apr. 24, 2023) (permitting disclosure of a party's name or other identifying information only if "[t]he disclosure is not made to (1) any Individual Defendant; (2) any employee or officer of the Republic of Turkey; (3) any current or former officer or employee of the Turkish Police or Military or Secret Service; (4) any person affiliated with any paramilitary, vigilante, terror group, gang or criminal organization, including the Grey Wolves; and (5) any family member of any person prohibited from learning Highly Confidential Information under this Subparagraph")).

Based on the Court's revision to the "Monarchist Movement" definition, Plaintiffs' edits in Sections 7.1 and 7.5 ("any current or form member, supporter, affiliate, or agent of the Monarchist Movement, as defined in Section 2 of this order") are adopted. Also, with respect to

---

[6] For example, the Court removed the word "Magistrate" from the parties' agreed upon language that "the Designating Party may seek appropriate relief from the Magistrate Court in accordance with the Court's standing order on discovery disputes." Doc. 102-1 at 9.

Section 7.1, the Court agrees with Plaintiffs' edit to the "Conscript Exception." The Court finds that Defendant's proposed language goes too far based on the facts of this case. The Court will, therefore, remove the language that Plaintiffs strike from the Proposed Order.

In Section 7.3, the parties address the disclosure of "Highly Confidential – Attorneys' Eyes Only" material. Plaintiffs take issue with the mutuality of this language, but the Court finds that both parties should be subject to Section 7.3(b). Plaintiffs' pseudonymity is justified at this stage of litigation, but the Court understands Defendant's position that there should be a clear record as to both parties. The Court, therefore, will accept Defendant's proposed language without Plaintiffs' edit.

Finally, with respect to Exhibit C, Plaintiff's proposed language is due to be adopted except for the inclusion of the words "supporter, affiliate."

With the Court's revisions, the Court will enter the Amended Protective Order. Doc. 119-1. The Court notes, however, that the current Protective Order (Doc. 82) is still in effect with respect to Paragraph Nos. 1, 4, 6, 7, and 8.

### B. Motion to Compel

Defendant seeks to compel Plaintiffs to produce unredacted copies of the Declaration of Plaintiff John Doe I's Child in Support of Motion for Leave to Proceed Pseudonymously (Doc. 4-1), the Declaration of Plaintiff John Doe I in Support of Motion for Leave to Proceed Pseudonymously (Doc. 4-2), the Declaration of Plaintiff John Doe II in Support of Motion for Leave to Proceed Pseudonymously (Doc. 4-3), the Declaration of Plaintiff John Doe III in Support of Motion for Leave to Proceed Pseudonymously (Doc. 4-4), and the Certificate of Interested Persons and Corporate Disclosure Statement (Doc. 6). Doc. 93 at 1 to 2.

Defendant states that it is entitled to these documents pursuant to the Protective Order, but Plaintiffs' counsel refused to produce them, "stating that they would only produce the sealed filings, if at all, in response to 'formal discovery requests from defendant that require the production of the unredacted declarations/filings,' and 'only to the extent they are responsive to [Defendant's] requests and the issue of equitable tolling." *Id*. at 2. Defendant, however, contends that the Protective Order "appears to permit, subject to its restrictions, Defendants' counsel, their paralegals, legal assistants, and other support staff to receive and review unredacted copies of Plaintiffs' declarations and the Certificate of Interested Persons. *Id*. at 3 to 4.

While Defendant represents that Plaintiffs oppose the motion, Plaintiffs have not filed a response. The Court routinely grants a motion as unopposed where the opposing party has not filed a response in opposition to the motion. *See* Local Rule 3.01(c); *see e.g.*, *Foster v. The Coca-Cola Co.*, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (finding that a motion to compel was unopposed because the opposing party failed to timely respond to the motion).

The Court notes that Plaintiffs mention in their Response to the Motion to Modify that Defendant filed the Motion to Compel, but provide no substantive opposition to the request. *See* Doc. 103 at 16. Accordingly, the Court deems the Motion to Compel to be unopposed, and will grant the request subject to the Protective Order and the Amended Protective Order.

### C. Motion for Judicial Notice

Defendant also requests that the Court take judicial notice in support of Defendant's Motion to Amend. Doc. 108. Defendant has attached an online article dated September 11, 2025, and requests that the Court take judicial notice of the article in support of his request to hire investigators and to share Plaintiffs' names with the investigators pursuant to the Protective Order. *Id*.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2).  The "taking of judicial notice of facts is, as a matter of evidence law, a highly limited process" because it "bypasses the safeguards . . . involved with the usual process of proving facts by competent evidence." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).

The Court previously took judicial notice of similar exhibits.  So, for the same reason (Doc. 82 at 5 to 7), the Court will consider the article at issue in the Motion for Judicial Notice.  However, the Court will only take judicial notice of the article's existence, not the truth of the matter asserted within the article.  *See* Doc. 82 at 7.

### D.  Motion for Extension

In the August 12, 2025 Order, the Court set the deadline for discovery on the issue of equitable tolling as November 10, 2025.  Doc. 81 at 16.  The Court also set the deadlines for Defendant to file his motion for summary judgment as December 1, 2025, and Plaintiffs to file their response as December 22, 2025.  *Id*.  Defendant is permitted to file a Reply by January 5, 2026.  *Id*.

The parties jointly request that the Court extend these deadlines based on the pendency of the Motion to Amend and the Motion to Modify.  Doc. 109. The parties argue that the Court's ruling on the Motion to Amend and the Motion to Modify have "the potential to substantially impact the discovery process and, consequently the Parties' respective briefing on the issue of equitable tolling." *Id*. at 4.  The parties specifically "request that the deadline for conclusion of discovery on the issue of equitable tolling be extended to 90 days after the date that this Court enters an order on the Motion to Clarify and Amend or the Motion to Modify, whichever is entered

later." *Id*. The Parties set forth a proposed scheduled for the briefing associated with Defendant's motion for summary judgment. *Id*. at 4 to 5. The parties explain that the proposed scheduled would allow the parties to conduct discovery and brief the issue of summary judgment in the same amount of time as the Court originally provided in the August 12, 2025 Order. *Id*. at 5.

The Motion is due to be granted in part. The parties file the Motion for Extension pursuant to Federal Rule of Civil Procedure 6(b).[7] Rule 6(b)(1) provides that, "[w]hen an act must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Here, the parties `filed the Motion for Extension before the deadlines expired and have established good cause for the request. The Protective Order dictates to whom Defendant's counsel may disclose Plaintiffs' identities, and the Court is persuaded that the pendency of the dispute over the scope of that disclosure would affect discovery. Accordingly, the Court finds relief is warranted.

The Court, however, does not find reasonable the parties' request to extend the deadline for an indefinite time. The undersigned will enter a report and recommendation on Defendant's Motion to Modify and, therefore, it is unforeseen when the Court will resolve that matter. As such,

---

[7] While the Court set the deadline for discovery and summary judgment on the issue of equitable tolling, the Court has not otherwise entered a case management scheduling order to address the remaining deadlines. As such, the parties move for relief under Rule 6(b) and not Federal Rule of Civil Procedure 16(b)(4). But even if Rule 16(b)(4) applied to the parties' request for the joint extension, the Court finds that there is good cause to modify the limited deadlines. Despite the parties' diligence to meet the deadlines, the Court agrees that the pending issue regarding the potential for amendment/modification to the Protective Order has impacted the parties' ability to conduct discovery within the allotted time, which also affects the summary judgment briefing schedule.

the Court will not set the deadlines based on resolution of that request. If the parties require an additional extension, then the parties may file an appropriate motion.

### III.    Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Defendant's Motion to Amend (Doc. 84) is **GRANTED in part** to the extent the parties shall abide by the attached Amended Protective Order. Doc. 119-1. The remainder of the Motion (Doc. 84) is **DENIED**. The Protective Order (Doc. 82) is still in effect with respect to Paragraph Nos. 1, 4, 6, 7, and 8;

2. Defendant's Motion to Compel (Doc. 93) is **GRANTED**. **On or before November 17, 2025**, Plaintiffs shall produce to Defendant the documents at issue in Doc. 93 subject to the Protective Order and the Amended Protective Order;

3. Plaintiffs' Notice (Doc. 104) is **STRICKEN**;[8]

4. Defendant's Motion for Judicial Notice (Doc. 108) is **GRANTED in part** to the extent that the Court will consider the existence of the article at issue in the request. The remainder of the Motion is **DENIED**; and

5. the parties' Motion for Extension (Doc. 109) is **GRANTED in part** to the limited extent that:

    a. discovery shall continue, restricted to the issue of equitable tolling, until **February 2, 2026**;

---

[8] Plaintiffs have filed a Notice on the docket requesting that the Court to take judicial notice of certain articles and screenshots. Doc. 104. Plaintiffs cannot move for relief by filing a notice and, therefore, the filing is due to be stricken. *See* Local Rule 3.01(a). Also, to the extent the Notice is construed as a Motion, the request still fails because Plaintiffs have not included a certificate in compliance with Local Rule 3.01(g). In any event, the Court has reviewed the articles and screenshots, and the items do not change the Court's ruling on Defendant's Motion to Amend or the Motion to Modify.

    b. Defendant shall file his motion for summary judgment on the issue of equitable tolling **on or before February 22, 2026**;

    c. Plaintiffs' response shall be due **on or before March 16, 2026**; and

    d. Defendant may file a reply, due **on or before March 30, 2026**.

**ORDERED** in Orlando, Florida on November 3, 2025.

*[signature]*

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE