UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE I, JOHN DOE II, and JOHN DOE III,
        Plaintiffs,

v.                                                Case No: 6:25-cv-219-GAP-DCI

PARVIZ SABETI,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

The procedural history of this case is more thoroughly discussed in the Court's November 3, 2025 Order. Doc. 119. In relevant part, by Order dated February 14, 2025, the Court granted Plaintiffs' Motion for Leave to Proceed by Pseudonym. Doc. 16. Plaintiffs claimed that if their identities are revealed then they would suffer "real threats to [their] safety posed by potential retaliation from the Iranian government and from violent supporters of the former monarchy." Doc. 4 at 2. The Court found that considering the totality of the circumstances at the outset of the case, and subject to reconsideration upon Defendant's motion, the "'threats of violence generated by this case. . . tip the balance against the customary practice of judicial openness.'" Doc. 16 at 9. But the Court added that if Defendant objects to Plaintiffs' proceeding by pseudonym, Defendant shall file a motion for reconsideration within 30 days of his first appearance. *Id.*

Defendant appeared and filed a Motion for Reconsideration of the February 14, 2025 Order. Doc. 55. On August 12, 2025, the Court granted the request, but only in part. Doc. 82. In particular, the Court found that Defendant "has not altered the Court's conclusion that the 'balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings' favors

anonymity." *Id*. at 17.  The Court noted that Plaintiffs were willing to disclose their identities for "limited discovery purposes," and Plaintiffs were agreeable to a protective order to do so.  *Id*.

As such, the Court granted Defendant's Motion for Reconsideration subject to a protective order.  *Id*.  The Court specified that "Plaintiffs must share their identities with Defendant's **counsel** for the purpose of statute of limitations discovery."  *Id*. (emphasis in original).  The Court directed the parties to abide by the protective order attached to the Order.  Docs. 82 at 18; 82-1 (the Protective Order).  The Court provided that upon request, the Court would revisit the issue of Plaintiffs' pseudonymous status **after the first phase of discovery closes**.  *Id*. at 19 (emphasis added).[1]

Pending before the Court is Defendant's Motion to Modify the Protective Order or, in the Alternative, Certify for Interlocutory Appeal.  Doc. 94 (the Motion).  Plaintiffs have filed a Response in Opposition, and Defendant has filed a Reply to the Response.  Docs. 103, 107.  For the reasons stated herein, the undersigned recommends that the Motion be denied.

I. **Discussion**

a. **Request for "Modification"**

Defendant requests that the Court modify the Protective Order to allow defense counsel to share the identities of Plaintiffs and related discovery with Defendant, subject to the terms of the Protective Order.[2]  *Id*. at 1.  In support of the request, Defendant claims that "modification" is appropriate because (1) the law does not support preventing disclosure; (2) the Protective Order

---

[1] In the August 12, 2025 Order, the Court ruled that the proceedings will be bifurcated to first determine whether the doctrine of equitable tolling applies to Plaintiffs' TVPA claim in Count I.  Doc. 81 at 16.

[2] The Court has since entered an Amended Protective Order, which does not permit disclosure to Defendant.  Doc. 119-1.  But the entry of the Amended Protective Order does not moot Defendant's request.

prohibits Defendant from engaging in discovery; (3) Plaintiffs now have an unfair advantage; and (4) the Protective Order will require "significant judicial involvement." *Id*. at 5 to 23. In short, Defendant requests that the Court allow him to participate in the current phase of discovery. *Id*. at 1.

As an initial matter, despite Defendant's argument to the contrary, the undersigned construes the Motion as a request for reconsideration of the Court's August 12, 2025 Order on Defendant's Motion for Reconsideration and the Court's Protective Order. Docs. 82, 82-1. Defendant states "[t]o be clear, Defendant is not asking this Court to revisit the pseudonymity ruling that shields Plaintiffs from public identification" and "[i]nstead, Defendant is merely requesting that he be allowed to participate in the initial round of fact discovery, which may be case-dispositive, provided he is subject to the same restrictions of the Protective Order as are the Undersigned." Doc. 94 at 1.

But the Court ruled on this issue when it expressly found that disclosure at this phase of discovery will be limited to Defendant's counsel. The Court stated:

> Plaintiff has raised substantial concerns regarding Defendant's close communication with individuals making serious threats against Plaintiffs and their counsel, which are compounded by his minimization of the seriousness of those threats. See Doc. 60 at 5-9; Doc. 55 at 18. For the initial phase of statute of limitations discovery, there is no need for Plaintiffs to divulge their identities to Defendant. *See Doe v. Islamic Salvation Front (FIS)*, 993 F.Supp. 3, No. 96– 02792 (SS) (D.D.C. Feb. 3, 1998). This phase of discovery is limited solely to whether Plaintiffs have exercised diligence in pursuing their rights and whether "extraordinary circumstances" prohibited them from seeking redress within the statutory time period. *See Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 973 (11th Cir. 2016). However, should Plaintiffs succeed in establishing an equitable tolling defense to the TVPA's statute of limitations, they will be required to share their identities with Defendant for discovery on the merits of their claim.

Doc. 82 at 18 n. 13. Accordingly, Defendant's request for the Court to permit disclosure of Plaintiffs' identities to Defendant is construed as a request for reconsideration of the Court's ruling, and the undersigned will, therefore, review the argument under that standard.[3]

Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll.*

---

[3] It seems that Defendant argues in the Reply that the Motion is not a motion for reconsideration because Defendant has not previously addressed the Court's Protective Order. Doc. 107 at 2. But Defendant cites to no law that stands for the proposition that a request for the Court to "modify" a Protective Order, even in part, should not be analyzed as a request for the extraordinary remedy of reconsideration. *See* Doc. 107. And unlike the Court's initial Order granting Plaintiffs' Motion to Proceed where Defendant did not have an opportunity to present argument because he had not yet appeared (*See* Doc. 82 at 3 n.2), the Court has already considered Defendant's position. Specifically, in Defendant's "Motion for Reconsideration" of the Court's February 14, 2025 Order, Defendant argued that Plaintiffs' nondisclosure of their identities to the public, *Defendant*, and Defendant's counsel "would result in manifest, fundamental error and unfairness and would deprive [Defendant] of due process." Doc. 55 at 2. The Court considered that argument and Defendant's declaration offered in support of the request upon which the Court decided that Plaintiffs' identities and addresses would be disclosed only to Defendants' attorneys. Docs. 82, 82-1. As a result, the Court entered the August 12, 2025 Order and the Protective Order, and Defendant clearly now seeks reconsideration. Indeed, as support for the instant Motion, Defendant refers the Court back to the Motion for Reconsideration (Doc. 55), and the other related filings to challenge the Court's decision.

Further, in the Reply, Defendant argues for the first time—because he does not provide a basis for the request to "modify" the Protective Order in the Motion—that "the Court has never had briefing on why, without knowing Plaintiffs' identities, Defendant cannot fully avail himself of his statute of limitations defense and is deprived of possible opportunities to dispose of the case at this first phase." Doc. 107 at 2. But, again, the Court considered Defendant's position that Plaintiffs' identities should be disclosed to him, and the evidence he submitted in support of disclosure. Defendant presented his arguments, and the Court specifically found that "[f]or the initial phase of statute of limitations discovery, there is no need for Plaintiffs to divulge their identities to Defendant." Doc. 82 at 18 n.13. The Court provided that it would revisit the issue of Plaintiffs' pseudonymous status, upon request, **after the first phase of discovery closes**. *Id*. at 19 (emphasis added).[3] Accordingly, the Court considered the issue of allowing Plaintiffs to proceed pseudonymously with respect to the statute of limitations. Defendant's remedy is, therefore, is to seek reconsideration of that decision which he has done in the instant Motion. Accordingly, the undersigned agrees with Plaintiffs that the standard for reconsideration should apply.

*Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).

And here, not only does Defendant fail to cite to the appropriate legal standard, but Defendant fails to otherwise refer the Court to any change in the law or the discovery of new materials. *See* Doc. 94.  For example, Defendant refers the Court back to his Reply to Plaintiffs' opposition to Defendant's request for reconsideration (*i.e.*, the motion at issue in the Court's August 12, 2025 Order), and his attached declaration to establish that Defendant disavowed threats to Plaintiffs' and their counsel, and lacked contact "with all but three of the individuals named in a Declaration from Plaintiffs' counsel." *Id*. at 20 (citing Docs. 60, 61, 67, and 67-1).  In the instant Motion, Defendant discusses at length the substance of his declaration and argues that "these incidents do not justify the Court's extraordinary restrictions." *Id*. at 20 to 21.  But all of this material, including Defendant's declaration, were before the Court upon consideration of Defendant's request for reconsideration.  *See* Doc. 82.  Defendant's desire to rehash old arguments is not a basis for relief.

And while Defendant takes issue with the Court's reliance on *Jane Doe I v. Islamic Salvation Font (ISF)*, 993 F.Supp. 3d (D.D.C. 1998) in the August 12, 2025 Order (Doc. 94 at 5 to 6; *see* also Doc. 107 at 3), and directs the Court instead to other authority to persuade the Court that "[v]irtually every reported case that allows the exception of pseudonymity only does so with

disclosure to the defendant of the plaintiff's true identity" (Doc. 94 at 8), nothing in that argument demonstrates a change in the law.

Further, Defendant does not convince the Court that there is a need to correct clear error or a manifest injustice. At the inception of the case, the Court considered Plaintiffs' request to proceed pseudonymously under Federal Rules of Civil Procedure 10(a) and 26(c)(1). Doc. 16. In its Order granting relief, the Court evaluated the relevant law, and weighed the *Stegall* factors before granting the request. *Id*.

Upon Defendant's motion, the Court then addressed each of Defendant's arguments for reconsideration, including Defendant's "risk of violence." Doc. 82 at 7.[4] The Court included a thorough analysis and found that "[s]ince the filing of this lawsuit, Plaintiffs produced significant evidence of serious threats to their safety and well-being, in addition to similar threats directed to their legal counsel[.]" *Id*. The Court gave specific examples of threats to Plaintiffs and noted Defendant's "alarming[]" concession that he spoke with an individual who posted a threatening message on the internet, and appeared to "downplay the unquestionably serious nature" of the post. *Id*. at 9. Overall, the Court found that Plaintiffs' "claims raise credible questions regarding Defendant's possible connections with the current regime but, primarily, underline the inherent complexity of the political dynamic underlying these issues; it is entirely plausible that both Plaintiffs and Defendant face threats from factions within Iran." *Id*. at 11. The Court concluded with the following:

> Upon consideration, there can be no question that filing this case has elicited a plethora of serious threats of violence and other harm against both Plaintiffs and

---

[4] The undersigned notes that the Court agreed with Defendant that the more restrictive reconsideration standard was not applicable to Defendant's first motion for reconsideration because Defendant did not have an opportunity to respond to Plaintiffs' *ex parte* request to proceed pseudonymously. Doc. 82 at 3 n. 2. Regardless, the Court found that there was new evidence to consider on the issue. *Id*.

their counsel. While the Court acknowledges Defendant's effort to pacify his supporters, his connection with some of the very individuals making these threats is deeply concerning. This factor continues to weigh heavily, if not determinatively, in favor of pseudonymity.

*Id*. a 11 to 12.

Based on the foregoing and in consideration of Defendant's other arguments, the Court decided that disclosure of Plaintiffs' identities to Defendant at this juncture is not appropriate. *See* Doc. 82 at 18 n. 13. Defendant's disagreement with the result does not establish that there is a need to correct a clear error or manifest injustice.

Also, with respect to Defendant's argument that the Court's ruling will unfairly limit his ability to participate in discovery, the undersigned does not find that the extraordinary relief of reconsideration is warranted. Specifically, Defendant complains that his counsel "are not experts in Iranian politics and related social movements both here and abroad in time and, without the aid of Mr. Sabeti and contracted experts, translators and investigators, cannot conduct meaningful discovery on Plaintiffs' factual claims." Doc. 94 at 13. Defendant also complains that the Protective Order permits Plaintiffs to gain an unfair advantage because Defendant's "legal team is effectively prohibited from conducting third-party discovery, because doing so would reveal Plaintiffs' identities." *Id*. at 14.[5]

The undersigned, however, has recently granted Defendant's Motion to Amend the Protective Order and there is now a mechanism in place to allow counsel to hire translators, investigators, etc. to assist in the defense subject to the Protective Order (Doc. 82-1) and the Amended Protective Order. *See* Docs. 119, 119-1. So, it seems that Defendant's fairness argument is at least partially moot. In any event, Defendant's claim related to the impact on discovery does

---

[5] Defendant adds in his Reply that without knowledge of Plaintiffs' identities then he "cannot fully prosecute his defense that Plaintiffs' claims are untimely by a matter of decades." Doc. 107 at 1.

not convince the undersigned that there is a basis to grant the extraordinary remedy of reconsideration.

Further, as to Defendant's argument that the Protective Order prevents him from fully responding to Plaintiffs' requests for production of documents (*see* Doc. 94 at 17), there is nothing in the Protective Order or the Amended Protective Order that limits Defendant's ability raise an appropriate objection to a discovery request pursuant to Rule 34(b)(2). The undersigned does not find that Defendant's alleged inability to comply with a discovery request demonstrates clear error or a manifest injustice to warrant relief.

Finally, Defendant argues that the Protective Order should be modified because "significant judicial involvement" would be required if it remains "as written." Doc. 94 at 17. This argument does not win the day. Although Defendant made the decision to file two separate motions to modify the Protective Order, the two requests are ostensibly related. The undersigned already conducted a hearing on the Motion to Amend (Doc. 84), and directed the parties to continue conferral on the matter. The parties did, and submitted a lengthy stipulated protective order which should alleviate some of the need for Court involvement during this phase of discovery. As such, the undersigned is not so convinced that an inordinate level of judicial involvement will follow.

Also, the Court provides for the revisitation of Plaintiffs' pseudonymous status after the first phase of discovery and, therefore, any judicial involvement that is arguably necessary may be limited in time. Further, the Court has been able to address the flurry of activity in this case. If judicial intervention is necessary, the Court can address the parties' arguments and handle its calendar.

In sum, the undersigned recommends that Defendant's request fails because he did not cite to the appropriate standard for relief or otherwise establish that the extraordinary remedy of reconsideration is appropriate.

And, because this is a report and recommendation, the undersigned notes that he alternatively recommends to the Court that modification is not warranted. In other words, assuming *arguendo* that the Motion should not be construed as a request for reconsideration and is merely a motion to "modify" filed pursuant to some other avenue, the undersigned finds that the Court's decision to protect Plaintiffs' identities from Defendant himself during the first phase of discovery should remain undisturbed.

First, Defendant cites to no sufficient basis for "modification" and presents no legal memorandum of that standard. Accordingly, the Motion is deficient. *See* Local Rule 3.01(a). ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

Second, the undersigned already granted in part Defendant's other Motion to Amend the Protective Order and now Plaintiffs' identities may be disclosed to certain third parties to aid in discovery pursuant to the Amended Protective Order. Docs. 119-1. Accordingly, the Court already addressed Defendant's argument regarding meaningful discovery at least in part, and significantly widened the universe of who may gain access to Plaintiffs' identities.

And third, the Court thoroughly analyzed the *Stegall* factors and then, upon review of Defendant's motion for reconsideration, addressed Defendant's possible connection to those who present a threat to Plaintiffs. *See* Docs. 55, 82. Defendant's most recent argument does not

persuade the undersigned that modification to the Court's Protective Order—already limited to the first phase of discovery—is warranted.

      **B.**      **Request to Certify Interlocutory Appeal**

In the alternative, Defendant requests that the Court, pursuant to 28 U.S.C. § 1292(b), certify an issue for interlocutory appeal to the Eleventh Circuit. Doc. 94. Defendant states that "[t]he issue to be certified would be whether a court can prohibit the defendant from learning the identities of the plaintiffs during fact discovery on equitable tolling where the defendant's knowledge of the plaintiffs is relevant to, and potentially dispositive of, the equitable tolling claim." *Id*. at 23.

Section 1292 states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Section 28 U.S.C. § 1292(b).

"Granting review of interlocutory orders under § 1292 is permitted only in exceptional circumstances." *Klayman v. City Pages*, 2015 WL 12852304, at *2 (M.D. Fla. Jan. 12, 2015) (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004)). "'In determining whether to grant review, [a court] should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed.'" *Id*.

"In order for the Court to grant interlocutory review under § 1292(b), the movant must demonstrate that (1) the order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the

issue would materially advance the ultimate termination of the litigation." *Rodriguez v. Universal Prop. & Cas. Ins. Co.*, 2017 U.S. Dist. LEXIS, at *5 (S.D. Fla. Jan. 10, 2017) (citing *McFarlin*, 381 F.3d at 1255). "Appeals under § 1292(b) should be reserved 'for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *Id*. (quoting *McFarlin*, 381 F.3d at 1259).

Here, the undersigned recommends that Defendant has not demonstrated that exceptional circumstances warrant a certification for interlocutory review. The undersigned reiterates that in the Motion, Defendant argues that "[v]irtually every reported case that allows the exception of pseudonymity only does so with disclosure to the defendant of the plaintiff's true identity[.]" Doc. 94 at 8. If that is so, then the undersigned fails to see how there is a question of law over which there is a substantial ground for a difference of opinion. Defendant's disagreement with the Court's application of the law does not demand immediate resolution of the issue from the Court of Appeals. Instead, it warrants a request for reconsideration, which Defendant has presented.

In any event, a review of the Court's decision (Docs. 82, 82-1) reflects that the Court exercised its discretion based on the facts to allow Plaintiffs to proceed pseudonymously in some degree. Namely, the Court considered Plaintiffs' request to proceed pseudonymously under Federal Rules of Civil Procedure 10(a) and 26(c)(1), and ultimately determined, upon Defendant's request for reconsideration, that Plaintiffs' identities should only be disclosed to counsel at this time. In making these decisions, the Court engaged in a significant *factual* analysis upon consideration of various factors including Defendant's risk of violence. The undersigned finds that this is not the type of legal issue about which courts might disagree. Instead, the issue decided by the Court was based on a fact-intense inquiry, and the undersigned recommends that certification on the presented question of law is not appropriate.

## II. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 94) be **DENIED**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 3, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE