**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| JOHN DOE I, JOHN DOE II, and JOHN DOE III, <br><br> *Plaintiffs*, <br><br> v. <br><br> PARVIZ SABETI, <br><br> *Defendant*. | Case No. 6:25-cv-219-GAP-DCI |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and the Court's November 19, 2025 Order (D.E. 129), Plaintiffs John Doe I, John Doe II, and John Doe III respond to Defendant's Objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Modify (the "Objections") (D.E. 128).

The instant Objections mark Defendant's fourth attack on the pseudonymity protections afforded to Plaintiffs by this Court. *See* D.E. 55, 84, 94, 128. The underlying Motion to Modify (D.E. 94) has come after this Court clearly and decidedly excluded Defendant from knowing Plaintiffs' identities in light of

Defendant's "deeply concerning" connections with some of the very individuals

making serious threats against Plaintiffs and their counsel. D.E. 82 at 11–12.

The Magistrate Judge's Report and Recommendation (the "R&R") (D.E. 120)

correctly construed Defendant's request for "modification" as one for

reconsideration and rightly found that Defendant failed to show the clear

error or manifest injustice required for that extraordinary remedy. In pressing his

Objections, Defendant attempts to replace the Eleventh Circuit's

well-established multi-factor balancing test for pseudonymity with a one-factor "due

process" test that does not exist. Defendant waived any challenge to the governing

framework by failing to raise it in his Motion to Modify; in any event, Eleventh

Circuit precedent requires courts to consider *all* relevant factors, not elevate a

defendant's asserted interest above the rest. The Objections also miss the stringent

reconsideration standard: there is no clear error or manifest injustice in permitting

Defendant's counsel and their deputies to access Plaintiffs' identities while

temporarily restricting disclosure to Defendant during the equitable-tolling phase,

particularly given Defendant's admitted ties to individuals who have issued serious

threats of violence and other harm against Plaintiffs and their counsel.

Defendant's fallback request for interlocutory certification fares no better. The

issue presented is a fact-intensive application of settled doctrine, not a controlling

question of law. Defendant now attempts to overcome the fact-intensive nature of

the issue by reframing it as a "due process" question, but that too presents a mixed question of law and fact inappropriate for interlocutory review. With no controlling question of law, no substantial ground for difference of opinion, and no prospect that certification would materially advance the termination of the litigation, interlocutory review would only delay this case.

Accordingly, the Court should overrule Defendant's Objections, adopt the R&R, and deny Defendant's Motion to Modify.

## LEGAL STANDARD

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The objections must be "sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783–84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in

part the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F.

App'x at 784; 28 U.S.C. § 636(b)(1).

## ARGUMENT

### I.    Defendant Did Not Challenge the Application of *Stegall* in His Motion to Modify.

Defendant's lead-off objection to the R&R is that this matter is not controlled

by the multi-factor balancing test set out in *Doe v. Stegall*, 653 F.2d 180, 185 (5th

Cir. 1981) and *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). *See* D.E.

128 at 4–8.[1] Defendant never raised that contention in any filing supporting his

Motion to Modify. On the contrary, in his motion papers, Defendant *embraced* the

"fact-specific balancing test" courts use to evaluate anonymity requests. *See* D.E. 94

at 5 ("In evaluating whether an exception [to Federal Rule of Civil Procedure 10(a)]

is warranted, federal courts conduct a fact-specific balancing test to weigh the risks

a plaintiff would suffer injury if identified against 'whether the party defending

against a suit brought under a pseudonym would be prejudiced.'") (citations

omitted); *see also id.* at 23 (arguing that to "treat [Defendant] more restrictively than

other defendants in similar cases . . . is both unfair and unsupported under the

balancing of interests' [*sic*] approach used by federal courts to evaluate anonymity

---

[1] As this Court has previously noted, D.E. 82 at 4, the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

requests"). Because Defendant raised the purported non-applicability of *Stegall* for the first time in his objections to the R&R, this Court need not consider the argument. *See Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (finding no abuse of discretion where district court declined to consider argument not presented to the magistrate judge).

In any event, Defendant's belated argument fails on the merits. Defendant has long endorsed the balancing-of-interests framework, including in his Motion for Reconsideration of the Court's February 14, 2025 *ex parte* pseudonym Order. *See, e.g.*, D.E. 55 at 11–12. Applying that test, the Court found that serious threats to Plaintiffs' safety and well-being outweighed any prejudice to Defendant during the opening phase of this litigation, particularly in light of Plaintiffs' willingness to disclose their identities to the defense for limited discovery purposes. D.E. 82 at 17–18 & n.13. In his Motion to Modify, Defendant simply reasserted that he "disavow[ed]" the threats and "lack[ed] contact with all but three of the individuals" who made them—arguments Magistrate Judge Irick correctly rejected as a rehash not warranting relief. D.E. 94 at 20; D.E. 120 at 5.

Dissatisfied with that result, Defendant now contends that the Court should not apply *Stegall* but rather some unspecified "due process test." D.E. 128 at 10; *see also id.* at 3, 6–7. That is not the law. The Eleventh Circuit has made clear that whether anonymity poses a "unique threat of fundamental unfairness to the

defendant" is one of many factors that courts consider when evaluating a plaintiff's

request to proceed anonymously. *Plaintiff B*, 631 F.3d at 1316. It is not the only

factor. What Defendant asks this Court to do—that is, to ignore the well-established

multi-factor analysis in favor of a single-factor "due process" inquiry—directly

contravenes binding Eleventh Circuit precedent mandating that courts review

"*all* the circumstances of a given case and then decide whether the customary

practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy

concerns." *Id.* (holding that district court abused its discretion by "fail[ing] to

adequately consider the Plaintiffs' extensive evidence about the scope of harm they

faced if they were forced to reveal their identities") (citation omitted, emphasis in

original). Accordingly, Defendant's objection to the Court's application of the

*Stegall* factors fails.

## II.    There Is No Clear Error or Manifest Injustice Warranting Reconsideration.

Defendant argues—also for the first time in his Objections—that disclosing

Plaintiffs' identities to the defense on an Attorneys' Eyes Only basis during equitable

tolling discovery constitutes manifest injustice.[2] It does not. In support of this

---

[2] Defendant did not argue clear error or manifest injustice in his motion papers. *See generally* D.E. 94; D.E. 107. Instead, he erroneously asserted that he sought "modification"—*not* reconsideration—of the Protective Order. *See, e.g.,* D.E. 107 at 2 (arguing that the Motion to Modify "is no motion for reconsideration"). Magistrate Judge Irick rejected that argument, finding that Defendant did in fact seek reconsideration of the Court's August 12, 2025 Order on Defendant's Motion for

assertion, Defendant presents a hypothetical: what if he were *pro se*? *See* D.E. 128 at 7, n.4. The thought exercise serves no purpose. Defendant is not *pro se*; his counsel of record includes seven attorneys from five different law firms. Moreover, under the Amended Protective Order, Defendant's counsel may disclose Plaintiffs' identities to experts, investigators, translators, and others to assist in his defense. *See* D.E. 119-1 at 12–13. Defendant's team is fully capable of taking discovery relevant to equitable tolling under that existing Order.

Nevertheless, Defendant avers that manifest injustice exists because his counsel team cannot ask him (1) if he communicated with Plaintiffs during the limitations period, or (2) who he may know in common with Plaintiffs. D.E. 128 at 7–8. Defendant's assertion that he "cannot pursue these possible arguments" without personal knowledge of Plaintiffs' identities is simply wrong. D.E. 107 at 3–4. Defendant's counsel can explore both of these questions through discovery from Plaintiffs, through investigators, and through Defendant's own electronically stored information. Magistrate Judge Irick did not err in concluding that these purported limitations do not provide a basis to grant the extraordinary remedy of reconsideration. *See* D.E. 120 at 7–8. The Amended Protective Order enables

---

Reconsideration and the Court's Protective Order, and that, in any event, Defendant "cite[d] to no sufficient basis for 'modification' and present[ed] no legal memorandum of that standard." D.E. 120 at 3–4, 9. Defendant does not object to either of these features of the R&R. *See generally* D.E. 128.

Defendant to conduct discovery on these questions while also protecting Plaintiffs from violence and other harm. That is precisely what *Stegall* balancing was designed to do. Defendant has not demonstrated any manifest injustice warranting reconsideration.

## III.    Defendant Has Failed to Meet the Statutory Criteria for Interlocutory Review.

The general rule is that only a final decision may be appealed. *See* 28 U.S.C. § 1291. In certain circumstances described in 28 U.S.C. § 1292(b), the Court may certify an interlocutory order for appeal to the Eleventh Circuit, which in turn may permit the appeal in its discretion. *See Nice v. L-3 Communs. Vertex Aero. LLC*, 885 F.3d 1308, 1312 (11th Cir. 2018); *see also* Fed. R. App. P. 5(a)(3). To be granted permission for an interlocutory appeal, Defendant must demonstrate that there is "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These criteria are conjunctive. *See McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1264 (11th Cir. 2004). Here, Defendant has utterly failed to establish that ***any*** of the § 1292(b) criteria for interlocutory appeal are met: there is no controlling question of law, there is no substantial ground for difference of opinion, and an immediate appeal would not advance but delay the termination of the litigation. *See* D.E. 103 at 19–20.

While Defendant objects to Magistrate Judge Irick's analysis of the second § 1292(b) requirement, *see* D.E. 128 at 9–10, Defendant's request for interlocutory appeal fails at the first requirement because the question he has identified is not a controlling question of law.[3] The term "question of law" means an "abstract legal issue or what might be called one of 'pure' law, matters the court of appeals can decide quickly and cleanly without having to study the record"; it "does not mean the application of settled law to fact." *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258 (11th Cir. 2004). Here, in resolving Defendant's request for reconsideration of the Court's pseudonymity Order, the Court applied a well-established multi-factor test to a developed record and engaged in significant factual analysis. That is the opposite of a controlling question of law suitable for interlocutory review.

In his Objections, Defendant attempts to obscure the fact-intense nature of the analysis by framing the question as one of "due process." D.E. 128 at 10. Invoking due process does not transform the question into one of pure law. On the contrary, due process issues present mixed questions of law and fact. *See, e.g.*, *Manlove v. Tansy*, 981 F.2d 473, 476 (10th Cir. 1992) ("Whether the right to due process was violated is a mixed question of law and fact."). Because mixed questions of law and

---

[3] According to Defendant, "[t]he issue to be certified would be whether a court can prohibit the defendant from learning the identities of the plaintiffs during fact discovery on equitable tolling where the defendant's knowledge of the plaintiffs is relevant to, and potentially dispositive of, the equitable tolling claim." D.E. 94 at 23.

fact are not controlling questions of law, the Eleventh Circuit denies requests for interlocutory review of mixed questions. *See, e.g.*, *Nice*, 885 F.3d at 1313 (declining interlocutory review of case-specific inquiry presenting a mixed question of law and fact).

Without a controlling question of law, there is no substantial ground for difference of opinion about such a question. And no other predicates for a "substantial ground for difference of opinion" are present. Defendant has not cited any authority, in the Eleventh Circuit or anywhere else, that would prohibit an Attorneys' Eyes Only identity regime at this stage of the litigation. *See* D.E. 128 at 10. Nor has Defendant offered any reason to expect that the Eleventh Circuit could conceivably believe that this Court should have done something other than apply *Stegall* and *Plaintiff B*, controlling Eleventh Circuit precedent, in deciding Plaintiffs' pseudonymity requests. While Defendant may disagree with the Court's application of *Stegall* and *Plaintiff B* here, that does not make this Court's orders immediately appealable.

## CONCLUSION

For the foregoing reasons, the Court should overrule Defendant's Objections (D.E. 128), adopt the R&R (D.E. 120), and deny Defendant's Motion to Modify (D.E. 94).

Dated: December 1, 2025

Respectfully submitted,

*/s/ Natalie F. Panariello*
Andrew B. Loewenstein*
Christina G. Hioureas*
Christopher E. Hart*
Natalie F. Panariello*
Aaron J. Loving*
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
aloewens@foleyhoag.com
chioureas@foleyhoag.com
chart@foleyhoag.com
npanariello@foleyhoag.com
aloving@foleyhoag.com

Sara C. Colón*
Thomasin Bernhardt*
Brown Neri Smith & Khan, LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
(310) 593-9890
sara@bnsklaw.com
thomasin@bnsklaw.com

Michelle J. Correll (Fla. Bar No. 1029106)
Correll Law P.A.
150 East Palmetto Park Road, Suite 800
Boca Raton, FL 33432
(310) 425-3866
Michelle@Correll-LawFirm.com

*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*

-11-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2025, I electronically filed the

foregoing document via CM/ECF, which will cause a copy of the document to be

served, by email, to all parties and counsel of record.

*/s/ Natalie F. Panariello*

Natalie F. Panariello
