UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____
JOHN DOE I, JOHN DOE II, and ) 
JOHN DOE III, )
 )
           *Plaintiffs*, ) Case No. 6:25-cv-219-GAP-
 ) DCI
v. )
 )
PARVIZ SABETI, )
 )
           *Defendant.* )
_____

**JOINT MOTION TO EXTEND DISCOVERY AND FILING DEADLINES REGARDING EQUITABLE TOLLING ISSUE AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiffs John Doe I, John Doe II, and John Doe III (collectively, "Plaintiffs") and Defendant Parviz Sabeti ("Defendant" and, together with Plaintiffs, "Parties"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), hereby jointly move to extend the current deadlines for completing discovery and motion practice on the issue of equitable tolling. In support of the Motion, the Parties state as follows:

The existing schedule was set into place by this Court on November 4, 2025, in its combined ruling on several motions filed by the Parties (Doc. 119). The Parties have, in good faith, worked diligently to engage in the discovery process and to meet existing deadlines. Nevertheless, discovery has been prolonged due to many discovery disputes that have required extensive

1

correspondence, analysis, and meet and confers. The Parties have been able to resolve the majority of these disputes through their good faith efforts. However, the process of resolving these disputes—which has included time spent identifying the purported deficiencies in question, drafting correspondence relating to those purported deficiencies, meeting and conferring, amending responses, producing responsive documents, and reviewing the amended responses and productions—has taken over three months. Additionally, Plaintiffs' productions have included a number of Farsi-language documents, some of which are lengthy, complex, and have required additional time to translate and review. Several potential discovery disputes remain which may require additional meet and confers between the Parties. If the Parties cannot resolve such disputes, Court intervention may be necessary.

As the Parties have largely been focused on the document discovery process, which remains ongoing, they request an extension of 30 days for the purpose of resolving discovery disputes, taking depositions, and engaging in expert discovery.

This joint motion is made in good faith and not for purposes of delay. The Court may extend deadlines for discovery or filing for good cause in response to a timely request from a party. Fed. R. Civ. P. 6(b). This joint motion is timely, as the earliest deadline (February 2, for the close of fact discovery related to equitable tolling) has not yet passed. Additionally, there is good cause for

granting the motion. While the Parties have worked diligently in good faith to complete the current phase of discovery, the process of resolving discovery disputes has been time-consuming and has prevented the Parties from progressing to additional aspects of discovery, including depositions. No party will be prejudiced by the proposed modifications to the schedule.

WHEREFORE, the Parties respectfully request that the Court grant this joint motion and enter an order extending the deadlines for discovery and motion practice on the issue of equitable tolling to the following dates:

1. Discovery on the issue of equitable tolling: 30 days, or to March 4, 2026.

2. Defendant's motion for summary judgment on the issue of equitable tolling: 30 days, or to March 24, 2026.

3. Plaintiffs' response to Defendant's motion for summary judgment: 30 days, or to April 15, 2026.

4. Defendant's reply to Plaintiff's response: 30 days, or to April 29, 2026.

DATED: January 12, 2026.

| FOLEY HOAG LLP | MARCUS RASHBAUM PINEIRO & MEYERS LLP |
|---|---|
| */s/ Andrew B. Loewenstein* <br> Andrew B. Loewenstein <br> Christopher E. Hart | */s/Jeffrey E. Marcus* <br> Jeffrey E. Marcus, Esq. <br> jmarcus@mrpfirm.com |

Natalie F. Panariello
Aaron J. Loving
Foley Hoag LLP
155 Seaport Boulevard, Suite 16000
Boston, MA 02210-2600
(617) 832-1000
aloewens@foleyhoag.com
CHart@foleyhoag.com
npanariello@foleyhoag.com
aloving@foleyhoag.com

Christina G. Hioureas
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
(212) 812-0400
chioureas@foleyhoag.com

**BROWN NERI SMITH & KHAN, LLP**

Sarah C. Colón
Thomasin Bernhardt
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
(310) 593-9890
sara@bnsklaw.com
thomasin@bnsklaw.com

**CORRELL LAW P.A.**

Michelle J. Correll (Fla. Bar No. 1029106)
150 East Palmetto Park Road, Suite 800
Boca Raton, FL 33432
(310) 425-3866
Michelle@Correll-LawFirm.com

Florida Bar No. 310890
Kathryn Meyers, Esq.
kmeyes@mrpfirm.com
Florida Bar No. 0711152
One Biscayne Tower
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
(305) 400-4260

**GRAY | ROBINSON, P.A.**

Roger B. Handberg, III, Esq.
Florida Bar No. 241570
roger.handberg@gray-robinson.com
301 East Pine Street,
Suite 1400
Orlando, Florida 32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

**LEVY FIRESTONE MUSE LLP**

Joshua A. Levy, Esq.
jal@levyfirestone.com
DC Bar No. 475108
Justin A. DiCharia, Esq.
jdicharia@levyfirestone.com
DC Bar No. 1671109
Christina M. Lamoureux, Esq.
christinal@levyfirestone.com
DC Bar No. 1658743
900 17th Street N.W., Suite 605
Washington, D.C. 20006
(202) 845-3215

**WHITECOMB, SELINSKY, P.C.**

Arash Aramesh, Esq.
ari@whitcomblawpc.com
California Bar No. 354651
DC Bar No. 90023647

4

*Attorneys for Plaintiffs*

Texas Bar No. 24107061
10940 Wilshire Boulevard
Suite 600
Los Angeles, CA 90024
Tel: (303) 534-1958

*Attorneys for Defendant*

## Local Rule 3.01(g) Certification

I have conferred with counsel for the opposing party and represent that all Parties seek the relief requested in this joint motion.

*/s/ Jeffrey E. Marcus*
Jeffrey E. Marcus

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January 2026; the foregoing was served on all counsel of record via CM/ECF.

*/s/ Jeffrey E. Marcus*
Jeffrey E. Marcus
