# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOHN DOE I, JOHN DOE II, and
JOHN DOE III,

   *Plaintiffs*,

 v.

PARVIZ SABETI,

   *Defendant*.

Case No. 6:25-cv-219-GAP-DCI

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE EXPERT REPORT

Defendant's motion should be denied. Defendant bears the burden of showing noncompliance with Rule 26(a)(2) before Plaintiffs must prove justification or harmlessness. *Commodores Entertainment Corp. v. McClary*, 2016 U.S. Dist. LEXIS 178396, at *5 (M.D. Fla. Jan. 22, 2016).

Defendant has not demonstrated noncompliance. Rule 26(a)(2) requires expert disclosures include a written report served 90 days before trial. Defendant contests only the disclosure's timeliness. Defendant concedes the disclosure was made during discovery without identifying any deadline Plaintiffs missed.[1]

---

[1] The cases Defendant cites are inapposite. *OFS Fiel* and *Reese* addressed the Northern District of Georgia's Local Rule 26.2(c), which has no counterpart in this District. *Dero Roofing* involved an expert who provided no written report.

Even if Defendant could show noncompliance, all harmlessness factors weigh against exclusion.

**1. Defendant cannot claim "surprise."** Defendant has known Plaintiffs' position that there was no "need or right for expert disclosures" since August 2025, when Plaintiffs explained that no trial date—and thus no disclosure deadline—had been set, and that Plaintiffs would disclose any expert with their opposition to Defendant's summary judgment motion. Ex. 1 at 3-5. On August 21, 2025, Defendant stated his intent to move the Court to require expert discovery. *Id.* at 2. Defendant never filed such motion. Having sat on this issue for six months, Defendant cannot claim surprise or prejudice and has waived any timeliness objection. Plaintiffs disclosed their expert *earlier* than previously advised.

**2. The expert's opinions are not only important, they are dispositive.** Plaintiffs' expert opines on their reasonable fears of reprisal from Defendant, Monarchists, and Iran, and Defendant's motivation for concealment. Ex. 2. These issues are dispositive of equitable tolling, and Defendant has known of these issues since at least July 2025. Doc. 75 at 7-11.

**3. The upcoming deposition will cure any alleged deficiency.** To resolve this dispute, Plaintiffs offered their expert for deposition on March 16. No other expert discovery is warranted: Defendant has not identified any opinion to "rebut" with his own expert, and under Defendant's logic, he should have disclosed an expert

before March 4. *See Rodriguez v. Clear Blue Ins. Co.*, 2024 U.S. Dist. LEXIS 10503, at *5 (M.D. Fla. Jan. 22, 2024) ("[D]isagreeing with a [plaintiff's] expert on matters related to a [defendant's affirmative defense] does not transform a [defendant's] expert into a rebuttal expert.").

**4. With no trial date set, allowing the expert report will not disrupt trial.**

**5. There was no noncompliance requiring "reasonable explanation."** Even so, noncompliance is "substantially justified when a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the disclosure request." *Graves v. Great Lakes Ins. SE.*, 2024 U.S. Dist. LEXIS 114065, at *8 (M.D. Fla. June 28, 2024). Further, "striking an expert is a drastic remedy, especially when other remedies are available to cure any deficiency and any prejudice." *Strong v. City of Naples*, 2023 U.S. Dist. LEXIS 137109, at *7 (M.D. Fla. Aug. 7, 2023).

Accordingly, Defendant's motion should be denied.

Dated: March 10, 2026                    Respectfully submitted,

*/s/ Jasmine N. Brown*
Andrew B. Loewenstein*
Christopher E. Hart*
Natalie F. Panariello*
Jasmine N. Brown*
Aaron J. Loving*
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
aloewens@foleyhoag.com
chart@foleyhoag.com
npanariello@foleyhoag.com
jnbrown@foleyhoag.com
aloving@foleyhoag.com

Christina G. Hioureas*
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
(212) 812-0400
chioureas@foleyhoag.com

Claret Vargas*
Center for Justice and Accountability
268 Bush St. #3432
San Francisco, CA 94104
415-544-0444
cvargas@cja.org

Sara C. Colón*
Thomasin Bernhardt*
Brown Neri Smith & Khan, LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
(310) 593-9890
sara@bnsklaw.com
thomasin@bnsklaw.com

Michelle J. Correll (Fla. Bar No. 1029106)
Correll Law P.A.
150 East Palmetto Park Road, Suite 800
Boca Raton, FL 33432
(310) 425-3866
Michelle@Correll-LawFirm.com

*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 10, 2026, I caused a copy of the foregoing document to be electronically filed via the CM/ECF system, which will cause a copy of the document to be served by email to all parties and counsel of record.

*/s/ Jasmine N. Brown*

Jasmine N. Brown