# EXHIBIT 1

**From:** Sara Colón <sara@bnsklaw.com>
**Sent:** Friday, August 22, 2025 12:51
**To:** Jeffrey Marcus
**Cc:** Thomasin Bernhardt; Josh Levy; Kate Meyers; Justin DiCharia; Rachel Clattenburg; Michelle Correll
**Subject:** Re: Doe v. Sabeti / Discovery Schedule

We agree to your fact discovery schedule with some minor tweaks:

    Serve written discovery (ROGs, RFAs, RFPs): 8/29
    Responses & Objections: 9/19
    Production of Documents: 9/26
    Depositions: 10/17
    Close of Discovery: 11/10

With respect to filings we've made under seal we are happy to share them to the extent they are responsive to discovery requests regarding equitable tolling and pursuant to a more robust protective order, as we discussed on our call, that explains how attorneys' eyes only documents will be handled.

Best,
Sara

Get Outlook for iOS

**From:** Jeffrey Marcus <jmarcus@mrpfirm.com>
**Sent:** Thursday, August 21, 2025 3:46:35 PM
**To:** Sara Colón <sara@bnsklaw.com>
**Cc:** Thomasin Bernhardt <thomasin@bnsklaw.com>; Josh Levy <jal@levyfirestone.com>; Kate Meyers <kmeyers@mrpfirm.com>; Justin DiCharia <jdicharia@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Michelle Correll <michelle@correll-lawfirm.com>
**Subject:** RE: Doe v. Sabeti / Discovery Schedule

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Sara:

Can you confirm that we have an agreement on a schedule for fact discovery?

Also, we did not discuss this on the call but now that the Court has entered its protective order, we are requesting from you copies of all prior sealed or redacted filings and affidavits in unredacted form.
Finally, we intend to move the court to require expert disclosure and discovery on any expert for whom either side intends to submit a declaration in support of their equitable tolling summary judgment briefs.
We also will move as discussed on allowing our hired professionals assisting us with the equitable tolling

phase of the case (investigators, consulting experts) to learn plaintiff's identities provided they certify compliance with the Court's Orde (82-1).

Best,


Jeff Marcus
305.400.4262
jmarcus@mrpfirm.com



MARCUS RASHBAUM
PINEIRO & MEYERS LLP

2 South Biscayne Blvd. Suite 2530
Miami, Florida 33131


Please note my new email address: jmarcus@mrpfirm.com

This e-mail message is from Marcus Rashbaum Pineiro & Meyers LLP, a law firm, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail and any attachments from your computer without retaining a copy.

---

**From:** Sara Colón <sara@bnsklaw.com>
**Sent:** Thursday, August 21, 2025 5:39 PM
**To:** Jeffrey Marcus <jmarcus@mrpfirm.com>
**Cc:** Thomasin Bernhardt <thomasin@bnsklaw.com>; Josh Levy <jal@levyfirestone.com>; Kate Meyers <kmeyers@mrpfirm.com>; Justin DiCharia <jdicharia@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Michelle Correll <michelle@correll-lawfirm.com>
**Subject:** RE: Doe v. Sabeti / Discovery Schedule

Jeffrey,

To clarify our position on the expert discovery, we have not retained an expert at this point, nor have we determined that we will ultimately use any expert at trial. Under 26(a)(2)(D)(i), in the absence of a court order otherwise, the deadline to make expert disclosures is 90 days before trial. Fed. R. Civ. Proc. 26(a)(2)(D)(i). There is currently no trial date.  We may not retain an expert by the close of the court's 11/10 discovery deadline, but even if we have, we don't believe that we are required to disclose that person's identity ahead of filing their declaration in connection with our opposition brief.

With regard to the protective order, I do not believe we need to meet and confer further, we continue to oppose any further disclosure of our clients' identities.

Best,

Sara Colón
Partner, BNSK LLP
(310) 593-9890

11601 Wilshire Blvd.
Suite 2080, Los
Angeles, CA

This message, as well as any attached document, contains information from BROWN, NERI, SMITH & KHAN, LLP that is confidential and privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of this email or attached documents, or taking any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please (1) immediately notify me by reply email, (2) do not review, copy, save, forward, or print this email or any of its attachments, and (3) immediately delete and destroy this email, its attachments and all copies thereof. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

**From:** Jeffrey Marcus <jmarcus@mrpfirm.com>
**Sent:** Thursday, August 21, 2025 1:47 PM
**To:** Sara Colón <sara@bnsklaw.com>
**Cc:** Thomasin Bernhardt <thomasin@bnsklaw.com>; Josh Levy <jal@levyfirestone.com>; Kate Meyers <kmeyers@mrpfirm.com>; Justin DiCharia <jdicharia@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Michelle Correll <michelle@correll-lawfirm.com>
**Subject:** RE: Doe v. Sabeti / Discovery Schedule

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Sara:

Thanks for your email.

I think we're in general agreement with the schedule you propose. But we're a little unclear about your comment on expert disclosures and how that fits into the proposed schedule.

Are you saying that you don't intend to rely on any experts during the equitable tolling stage, or is it your position that to the extent you use experts in connection with equitable tolling, you're not required to disclose them at any time? If the former, then your proposed schedule is fine. (Of course, should you later change course on using experts, we would likely need to seek to extend the discovery period to allow for expert discovery.) But if you're taking the latter position—that you're not required to disclose any experts you intend to rely upon in support of equitable tolling—we don't believe it's supported by Fed. R. Civ. P. 26(a)(2) or by Eleventh Circuit precedent. See, e.g., Prieto v. Malgor, 361 F.3d 1313 (11th Cir. 2004). If you have contrary authority, we're happy to take a look at it. Otherwise, it's something we will need to raise with the Court.

Similarly, while we appreciate your willingness to extend the Protective Order to translators, we plan to move for clarification/permission from the Court to share Plaintiffs' identities/identifying information with any investigator(s) and expert witness(es) we engage as well. In our motion, we will make clear that any professionals we engage will sign a certification that they have received, reviewed, understand, and agree to be bound by the Court's Protective Order (ECF 82, 82-2). We need to move quickly because being deprived of the ability to hire an investigator in this short discovery phase materially affects our ability to represent our client. We will list your opposition in the motion. Let us know today if you want to confer anymore on this issue.

Best,
Jeff

Jeff Marcus

305.400.4262

[jmarcus@mrpfirm.com](jmarcus@mrpfirm.com)



MARCUS RASHBAUM
PINEIRO & MEYERS LLP

2 South Biscayne Blvd. Suite 2530
Miami, Florida 33131

Please note my new email address: [jmarcus@mrpfirm.com](jmarcus@mrpfirm.com)

This e-mail message is from Marcus Rashbaum Pineiro & Meyers LLP, a law firm, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail and any attachments from your computer without retaining a copy.

---

**From:** Sara Colón <[sara@bnsklaw.com](sara@bnsklaw.com)>
**Sent:** Wednesday, August 20, 2025 5:28 PM
**To:** Jeffrey Marcus <[jmarcus@mrpfirm.com](jmarcus@mrpfirm.com)>
**Cc:** Thomasin Bernhardt <[thomasin@bnsklaw.com](thomasin@bnsklaw.com)>; Josh Levy <[jal@levyfirestone.com](jal@levyfirestone.com)>; Kate Meyers <[kmeyers@mrpfirm.com](kmeyers@mrpfirm.com)>; Justin DiCharia <[jdicharia@levyfirestone.com](jdicharia@levyfirestone.com)>; Rachel Clattenburg <[rmc@levyfirestone.com](rmc@levyfirestone.com)>; Michelle Correll <[michelle@correll-lawfirm.com](michelle@correll-lawfirm.com)>
**Subject:** RE: Doe v. Sabeti / Discovery Schedule

Hi Jeffrey,

Please see our proposed schedule below, as I mentioned on our call, I think we need more time to respond to written discovery than your schedule allows for.  I also wanted to clarify that we intend for any third-party discovery to happen throughout this schedule (i.e. subpoenas for documents/depositions will not necessarily follow this schedule).

Serve written discovery (ROGs, RFAs, RFPs): 8/29
Responses & Objections: 9/19
Production of Documents: 9/26
Depositions: 10/17
Close of Discovery: 11/10

We do not think the judge's order allows for disclosure of plaintiffs' identities/identifying information to anyone other than attorneys or others working at the various firms involved.  We are willing to enter into a protective order (subject to reviewing your proposed language) that would apply only to translators to the extent they are necessary, but with the limitation that any documents they receive for translation should have plaintiffs' names and addresses redacted. We cannot agree that any other professionals or agents of the firm should have access to plaintiffs' identities or identifying information at this time.

Upon further reflection we also do not believe there is a need or right for expert disclosures at this time.  If you have authority to the contrary, please feel free to share it.

Best,


Sara Colón
Partner, BNSK LLP
(310) 593-9890
11601 Wilshire Blvd.
Suite 2080, Los
Angeles, CA


This message, as well as any attached document, contains information from BROWN, NERI, SMITH & KHAN, LLP that is confidential and privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of this email or attached documents, or taking any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please (1) immediately notify me by reply email, (2) do not review, copy, save, forward, or print this email or any of its attachments, and (3) immediately delete and destroy this email, its attachments and all copies thereof. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

**From:** Jeffrey Marcus <jmarcus@mrpfirm.com>
**Sent:** Tuesday, August 19, 2025 6:26 PM
**To:** Sara Colón <sara@bnsklaw.com>
**Cc:** Thomasin Bernhardt <thomasin@bnsklaw.com>; Josh Levy <jal@levyfirestone.com>; Kate Meyers <kmeyers@mrpfirm.com>; Justin DiCharia <jdicharia@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>
**Subject:** Doe v. Sabeti / Discovery Schedule

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Sara,

Following up on today's meet and confer, here's our proposed schedule for expedited discovery consistent with the Court's Order.

Serve written discovery (ROGs, RFAs, RFPs): 8/29
Responses & Objections: 9/12
Production of Documents: 9/19
Depositions: 10/6
Close of Discovery: 11/10

Also, can you let us know your position on the application of the Court's protective order by COB tomorrow? We need to hire an investigator to assist with discovery and want to do that soon. Our position is that any professional we hire to work on the defense team will agree to follow the Court's protective order and should therefore be allowed to know the identities of the plaintiffs as they assist us with the defense of the case. We can have whomever we hire sign a certification that we keep in our possession, attesting that they will comply with the confidentiality order. Let us know if you agree.

On the issue of expert discovery, after giving it some added thought, we don't think it's realistic that it could be completed, along with fact discovery, by 11/10. We tend to think that we should ask the Court for an additional month to conduct expert discovery and move the summary judgment filing deadlines accordingly. Let us know your thoughts.

We also plan to circulate the draft protective order we discussed sometime tomorrow.

Thanks.
Jeff

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.