UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE I, JOHN DOE II, and JOHN DOE III,
    Plaintiffs,

v.                                                  Case No: 6:25-cv-219-GAP-DCI

PARVIZ SABETI,
    Defendant.
_____/

ORDER

Pending before the Court is Defendant's Motion to Preclude Late Expert Report, filed pursuant to Federal Rules of Civil Procedure 26 and 37. Doc. 150 (the Motion). Defendant states that on February 23, 2026, Plaintiffs sent Defendant a notice of their intention to submit an expert declaration in support of their opposition to Defendant's forthcoming motion for summary judgment. *Id*. at 1.[1] On March 4, 2026, the last day of the discovery period, Plaintiffs sent Defendant the expert report, and Defendant now argues that the Court should prohibit Plaintiffs from using it because the disclosure was untimely. *Id*. at 1, 2. Defendant asserts that the late disclosure was not substantially justified and that Plaintiffs cannot meet their burden of demonstrating that the late disclosure was harmless. *Id*. at 2 to 3. Defendant adds that he is prejudiced by the late disclosure because he "relied on nondisclosure as indicating Plaintiffs would not use expert declarations at summary judgment." Doc. 158 at 2.

The Motion is due to be denied. Rule 26 provides that a party must make expert disclosures within the time the court orders and "[a]bsent a stipulation or a court order, the disclosure must be made. . . at least 90 days before the date set for trial or for the case to be ready for trial."

---

[1] Defendant clarifies in the Reply that Plaintiffs did not disclose the expert on this date, the expert's expertise, or "whether they had retained anyone." Doc. 158 at 2.

Fed.R.Civ.P. 26(a)(2)(D)(i).  Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Here, the Court did not set a deadline for expert disclosures, nor has it scheduled the trial. Defendant concedes that it was at least on notice of Plaintiffs' position regarding the possibility of relying upon an expert as early as August 2025.  Doc. 158 at 1; *see also* Doc. 152-1.  And in the attached correspondence from about August 2025, it appears that Defendant contemplated asking the Court to set deadlines concerning expert disclosures due to this exact issue.  Doc. 152-1 at 4 (Defendant's counsel stated that: "But if you're taking the latter position—that you're not required to disclose any experts you intend to rely upon in support of equitable tolling—we don't believe it's supported by Fed. R. Civ. P. 26(a)(2) or by Eleventh Circuit precedent. *See, e.g.*, *Prieto v. Malgor*, 361 F.3d 1313 (11th Cir. 2004). If you have contrary authority, we're happy to take a look at it. Otherwise, it's something we will need to raise with the Court.").  But Defendant filed no such motion.  Plaintiffs then advised Defendant on February 23, 2026, that they would use an expert for summary judgment purposes, and Plaintiffs produced the report before discovery closed, albeit on the last day.  Doc. 150 at 1.  The Court is not persuaded that the disclosure was untimely. As such, there is no requirement under the Rules to consider whether the timing of the disclosure was substantially justified or harmless.

Further, assuming *arguendo* Plaintiffs' last-minute disclosure effectively precludes Defendant's ability to depose the expert during the discovery period and, therefore, can be construed as late, Plaintiffs advised Defendant that the expert is available for deposition on March 16, 2026 or March 17, 2026.  As such, the harm to Defendant from the timing of the disclosure is

- 2 -

mitigated by the expert's availability to be deposed by Defendant.[2] *See* Rule 37(c)(1). To the extent Defendant complains that the deposition will take place outside the Court's "supervision" (Doc. 150 at 2), the Court will extend the discovery deadline solely for this limited purpose. Defendant's conclusory argument that "[r]eopening discovery would significantly disrupt this case," does not convince the Court that the brief and limited extension is not warranted.

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 150) is **DENIED**;[3] and

2. the deadline to conduct discovery is hereby extended to March 17, 2026 for the sole purpose of allowing Defendant to depose the expert that is the subject of the Motion.

**ORDERED** in Orlando, Florida on March 13, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Notably, Defendant mentions that his motion for summary judgment is due March 24, 2026, and states that he cannot retain a rebuttal expert (Doc. 150 at 2, 3), but does not move for a related extension of time. *See id*. To the extent Defendant requests relief with respect to any deadlines, he can file an appropriate motion in accordance with the Local Rules and the Federal Rules of Civil Procedure.

[3] This Order makes no finding concerning the weight or admissibility of the expert report for any purpose (or concerning any other matter), simply that the timing of disclosure does not warrant exclusion pursuant to Rules 26 and 37.