**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN DOE I, JOHN DOE II, and JOHN DOE III,

*Plaintiffs*,

v.

PARVIZ SABETI,

*Defendant*.

Case No. 6:25-cv-00219-GAP-DCI

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 10/22/2026. Andrew B. Loewenstein, Claret Vargas, and Christina Hioureas for Plaintiffs, and Roger Handberg, Joshua Levy, Justin DiCharia, and Christina Lamoureux for Defendant attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 12/7/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 1/15/2027 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 7/16/2027 |
| | Defendant | 8/20/2027 |
| | Rebuttal | 9/17/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 10/22/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | n/a |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 12/17/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>The Parties intend to stipulate to a mediator and are conferring. | | 12/3/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 4/28/2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 5/5/2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 5/12/2028 |
| Month and year of the trial term. | | 6/1/2028 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

Plaintiffs allege that Defendant possessed and exercised effective command and control over the security apparatus of Iran, including the Third Division of SAVAK and the Committee and approved the torture of thousands of Iranian citizens including Plaintiffs. Defendant has denied these allegations. Plaintiffs bring suit pursuant to the Torture Victim Protection Act. This case presents complexity beyond that of an ordinary civil case because it concerns events that occurred approximately fifty years ago in a foreign state, with evidence in Farsi and located abroad. The proposed schedule is calibrated accordingly.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: Each party will serve supplemental Rule 26(a)(1) disclosures directed to the merits by December 7, 2026; disclosure of any information identifying Plaintiffs, their families, or witnesses whose safety may be at risk will be made only as permitted by the operative protective order; expert disclosures will follow the schedule set out in Section 2..

B. Discovery may be needed on these subjects:

a. Defendant's position, duties, and authority during the period of Plaintiffs' detention;
b. Defendant's knowledge of, participation in, approval of, or failure to prevent or punish the torture of detainees;
c. The identity of persons involved in the detention, interrogation, and torture of each Plaintiff;

d. Plaintiffs' injuries and damages, including physical and psychological harm;
e. Expert subjects including modern Iranian history, and medical and psychological injury and damages.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; Information identifying Plaintiffs must be stored, transmitted and produced in accordance with the operative protective order..

E. ☐ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: add the parties' views and proposals.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

**Attorneys for Plaintiffs John Doe I, II, and III**

*/s/ Andrew B. Loewenstein*
Andrew B. Loewenstein*
Natalie F. Panariello*
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
aloewens@foleyhoag.com
npanariello@foleyhoag.com

Christina G. Hioureas*
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
(212) 812-0400
chioureas@foleyhoag.com

Claret Vargas*
Center for Justice and Accountability
268 Bush St. #3432
San Francisco, CA 94104
(415) 544-0444
cvargas@cja.org

Sara C. Colón*
Thomasin Bernhardt*
Brown Neri Smith & Khan, LLP
11601 Wilshire Blvd., Suite 2080

**Attorneys for Defendant Parviz Sabeti**

**GRAY | ROBINSON, P.A.**

*/s/ Roger B. Handberg, Esq.*
Roger B. Handberg, III, Esq.
Florida Bar No. 241570
roger.handberg@gray-robinson.com
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

**MARCUS RASHBAUM PINEIRO & MEYERS LLP**

Jeffrey E. Marcus, Esq.
jmarcus@mrpfirm.com
Florida Bar No. 310890
Kathryn Meyers, Esq.
kmeyers@mrpfirm.com
Florida Bar No. 0711152
One Biscayne Tower
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
(305) 400-4260

**LEVY FIRESTONE MUSE LLP**

Joshua A. Levy, Esq.
jal@levyfirestone.com
DC Bar No. 475108
Justin A. DiCharia, Esq.

Los Angeles, CA 90025
(310) 593-9890
sara@bnsklaw.com
thomasin@bnsklaw.com

Michelle J. Correll (Fla. Bar No. 1029106)
Correll Law P.A.
150 East Palmetto Park Road, Suite 800
Boca Raton, FL 33432
(310) 425-3866
Michelle@Correll-LawFirm.com

*Admitted pro hac vice*

jdicharia@levyfirestone.com
DC Bar No. 1671109
Christina M. Lamoureux, Esq.
christinal@levyfirestone.com
DC Bar No. 1658743
900 17th Street N.W., Suite 605
Washington, D.C. 20006
(202) 845-3215

**Aramesh Law PLLC**

Arash Aramesh, Esq.
aramesh@arameshlaw.com
California Bar No. 354651
DC Bar No. 90023647
Texas Bar No. 24107061
10940 Wilshire Boulevard
Suite 1600
Los Angeles, CA 90024
Tel: (303) 534-1958